[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
By complaint in five counts dated December 28, 1993, plaintiff James Bilal commenced an action against defendants Maryland Casualty Co. (Maryland) and Mike Chatknoff asserting claims based on breach of contract, violation of the Connecticut Unfair Insurance Practices Act (CUIPA) and the Connecticut Unfair Trade Practices Act (CUTPA). Plaintiff alleges that on October 10, 1992, Maryland, through its agent Chatknoff, issued a fire insurance binder/contract to him on property at 118-120 Shepard St., New Haven, Connecticut. Plaintiff further alleges that on October 30, 1992 the insured property was damaged by fire. Plaintiff alleges that Maryland denied his claim under the insurance contract on August 4, 1993 even though the damage was covered by the insurance contract. Plaintiff alleges that the defendants did not provide a hearing for a reasonable settlement opportunity or attempt a good faith settlement.
On March 10, 1994, plaintiff filed a revised complaint CT Page 7418 asserting five counts against Maryland and five counts against Chatknoff in breach of contract, CUIPA and CUTPA.
On April 29, 1994, Chatknoff filed this motion to strike the second, third, fourth and fifth counts of plaintiff's revised complaint against him with a supporting memorandum of law on the grounds that there is no private cause of action under CUIPA and plaintiff failed to allege a general business practice by defendant as required by CUIPA, which is required to maintain a CUTPA claim.
Plaintiff filed an objection to the motion and a memorandum of law on June 7, 1994. Also on June 7, 1994, plaintiff filed a revised complaint further alleging that Chatknoff, in addition to Maryland, was notified of the fire, citing to § 38a-816 instead of § 38-61 in the second and fourth counts against both defendants and alleging that Chatknoff, in addition to Maryland, did not provide a hearing for settlement or attempt a good faith settlement.
In accordance with Practice Book § 152 a party may contest the legal sufficiency of any count of a complaint by filing a motion to strike such count. See Mingachos v. CBS, Inc., 196 Conn. 91, 108,491 A.2d 368 (1985). "The motion to strike, like the demurrer, admits all facts well pleaded. The allegations are entitled to the same favorable construction as a trier would be required to give in admitting evidence under them and if facts provable under its allegations would support a defense or a cause of action, the motion to strike must fail." Id., 108-09. "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. . . . The court must construe the facts in the complaint most favorably to the plaintiff." Gordon v. Bridgeport HousingAuthority, 208 Conn. 161, 170, 544 A.2d 1185 (1988).
In support of his motion to strike, Chatknoff argues: there is no private cause of action under CUIPA; plaintiff wrongfully cited to § 38-61 which is now § 38a-815; plaintiff's third count fails to state a cause of action under § 42-110a because plaintiff has failed to allege a general business practice by defendant as required to establish a CUIPA claim, which is required to maintain a CUTPA claim; plaintiff's fourth count is repetitious of the second count; and plaintiff's fifth count realleges a violation of § 42-110a. In opposition, plaintiff argues that a private cause of action is not precluded by CUIPA and accordingly he may assert a private cause of action under CUTPA to enforce a violation of CUIPA and that he has alleged that defendant committed more than a single act which rise to the level of a general business practice under CUIPA. CT Page 7419
In Lee v. Middlesex Insurance Co., 229 Conn. 842, ___ A.2d ___ (1994), the Supreme Court addressed the requirement of multiple acts of misconduct to establish a CUIPA claim pursuant to § 38a-816 (6). The Supreme Court stated "[i]n requiring proof that the insurer has engaged in unfair claim settlement practices `with such frequency as to indicate a general business practice,' the legislature has manifested a clear intent to exempt from coverage under CUIPA isolated instances of insurer misconduct." (Footnote omitted.) Id., 849, citing Mead v. Burns, 199 Conn. 651, 666,509 A.2d 11 (1986). The court then recognized that the plaintiff's claim was that the defendant unfairly failed to settle her claim, "and her claim alone." Id. The court held "that the defendant's alleged improper conduct in the handling of a single insurance claim, without any evidence of misconduct by the defendant in the processing of any other claim, does not rise to the level of a `general business practice' as required by 38a-816 (6)." (Footnote omitted.) Id. Accordingly, the court affirmed the lower court's granting of summary judgment in favor of the defendant on the ground that defendant's alleged unfair settlement practices did not constitute a general business practice.
Furthermore, the court in Lee v. Middlesex Insurance Co., affirmed summary judgment for the defendant on the CUTPA count on the ground that a CUTPA claim based on unfair claim settlement practices prohibited by § 38a-816 (6) requires proof that such misconduct had been committed with such frequency that it constituted a general business practice, as is required to establish a CUIPA claim. Id., 850. Specifically the court held "[b]ecause the plaintiff's evidence was insufficient to satisfy the requirement under CUIPA that the defendant's alleged unfair claim settlement practices constituted a `general business practice,' the plaintiff's CUTPA claim could not survive the failure of her CUIPA claim." Id., 851. The court did not consider the defendant's alternative grounds for affirming summary judgment on the ground that CUIPA does not create a private cause of action because it was not necessary for it to do so. Id., 847 n. 4.
Defendant's motion to strike the second, third, fourth and fifth counts of the complaint should be granted. The second and fourth counts of the complaint allege that Chatknoff improperly handled plaintiff's single claim by failing to provide him with a reasonable settlement opportunity, failing to attempt a good faith settlement and failing to make payment within 45 days of the receipt of proof of loss forms. These allegations that Chatknoff CT Page 7420 improperly handled a single claim, without allegations of other misconduct by him in his handling of any other claims, are insufficient to establish a general business practice as is necessary to establish a CUIPA claim under § 38a-816 (6), therefore the second and fourth counts against Chatknoff are stricken. Leesv. Middlesex Insurance Co., supra, 229 Conn. 849. Furthermore, because the plaintiff has failed to set forth sufficient allegations to establish Chatknoff's alleged misconduct constituted a general business practice and to establish a CUIPA claim, the third and fifth counts of the complaint alleging violation of CUTPA are similarly insufficient and cannot survive the failure of plaintiff's CUIPA claims and therefore are stricken. Id., 851.
It is not necessary for the court to consider the alternative grounds for striking the second, third, fourth and fifth counts of the complaint.
Howard F. Zoarski Senior Judge