[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE #184
The plaintiffs bring this action against the defendant insurers on two fire insurance policies, claiming covered losses from a fire alleged to have occurred on August 11, 1992 in Shelton, Connecticut. The defendants have denied the claim based upon a claim of lack of cooperation on the part of the insureds and the alleged incendiary nature of the fire.
The complaint is in eight counts and the defendants have moved to strike certain paragraphs of counts one and five, which allege CT Page 1326-A breach of contract; counts three and seven, which allege CUTPA/CUIPA violations; and counts four and eight, which allege bad faith on the part of the defendants.
As to the breach of contract counts, the defendants moved to strike paragraphs 12 and 13 of count one, and paragraphs 11 and 12 of count five which essentially allege that the plaintiffs suffered consequential damages as the result of the defendants' delay in investigating and making payment pursuant to the terms of the policy.
The majority rule appears to be that a plaintiff in an action on an insurance policy itself cannot recover consequential damages for refusal of an insurer to pay the loss or the detention of money allegedly due under the policy. 44 Am.Jur.2d, Insurance, sec. 1770 (1982). In an action sounding in breach of contract, therefore, the plaintiffs' damages would be limited to those within the contemplation of the parties at the time of the making of the contract, i.e., the policy amount or loss, plus any legally allowable interest.
Therefore, the motion to strike is granted as to paragraphs 12 CT Page 1326-B and 13 of count one and paragraphs 11 and 12 of count five, along with the claim for relief claiming consequential damages as to counts one and five.
The defendants also move to strike counts three and seven for the reason that they fail to allege a cause of action pursuant to CUTPA/CUIPA.
A claim under CUIPA which is predicated upon unfair claim settlement practices requires proof that such practices were committed or performed with such frequency as to indicate a general business practice. Mead v. Burns, 199 Conn. 651 (1986). Likewise, a CUTPA claim based upon the same unfair settlement practices as in the CUIPA claim requires proof of a general business practice.Mead v. Burns, supra. Additionally, since it was the intent of the legislature to exempt from CUIPA isolated instances of insurer misconduct, the plaintiff must allege more than improper handling of a single insurance claim, and must allege misconduct in handling other claims in order to rise to a "general business practice".Lees v. Middlesex Ins. Co., 229 Conn. 842, 849 (1994).
The plaintiffs maintain that this is more than a single claim CT Page 1326-C there are multiple plaintiffs and defendants and two policies involved. However, the court believes that since this action involves one loss based upon a single insured premises, it comes within the holding of Lees v. Middlesex Ins. Co. A review of the allegations of the third and seventh counts indicate that the allegations thereof are clearly limited to the loss which is the subject of this action and no other.
The motion to strike is therefore granted as to counts three and seven.
Finally, the defendants move to strike counts four and eight on the grounds that the allegations thereof do not allege conduct which rises to the level of bad faith. The defendants rely to a large extent on the language contained in Buckman v. PeopleExpress, Inc., 205 Conn. 166 (1987). The Buckman decision confirms that there is an implied covenant of good faith and fair dealing in a contract of insurance. Thus, in this case the defendants had a common law duty to act with good faith and fair dealing with the plaintiffs.
In the court's view, the allegations of counts four and eight, CT Page 1326-D when construed in favor of the plaintiffs, are sufficient to allege a cause of action in bad faith or breach of the covenant of good faith and fair dealing.
The motion to strike is denied as to counts four and eight.
In summary, the motion to strike is granted as to paragraphs 12 and 13 of count one, and paragraphs 11 and 12 of count five, along with the corresponding claims for consequential damages. The motion to strike is also granted as to counts three and seven, but is denied as to counts four and eight
Thompson, J.