[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
In this case the defendant, Allstate, has filed a motion CT Page 5847 for summary judgment on the grounds that as to the First Count the statute of limitations has passed. As to the Second Count the defendant claims that the plaintiff has not made out a CUIPA claim.
The underlying facts are as follows: On January 12, 1989 an accident occurred between the plaintiff and Chanh U. Ky. The plaintiff brought a negligence suit against Mr. Ky on August 2, 1990 and received a jury verdict. The defendant is the plaintiff's insurance carrier and the verdict exceeded Mr. Ky's policy limits. On June 29, 1993 the plaintiff notified the defendant Allstate of her intention to make a claim under the underinsured/uninsured motorist provision of the Allstate policy. Allstate denied liability and refused to arbitrate.
This two count complaint was filed on March 21, 1994. The First Count claims Allstate, the defendant, is legally responsible to her under the policy's terms and in accordance with § 38a-336 C.G.S.A. as amended by PA 93-77. The Second Count is a CUIPA claim made under the auspices of CUTPA, §§ 42-110 et seq.
Both sides do not seem to dispute the fact that resolution of this matter involves a determination of questions of law. A trial court must view the evidence in a light most favorable to the non-moving party and then decide whether the moving party would be entitled to a directed verdict on the same facts, Connell v. Colwell, 214 Conn. 242,246 (1990). The evidence is not really in dispute here, however what is in dispute is the effect of a state statute on the plaintiff's claim in light of that evidence and whether the plaintiff's allegations, accepted as true, set forth a claim for relief under state statutes.
First Count
 I.
The plaintiff claims to have been injured as the result of an accident which occurred on January 12, 1989. It was not until June 29, 1993 that the plaintiff notified Allstate of her claim for benefits after the jury awarded her a sum in excess of the tortfeasor's policy.
A provision of the plaintiff's policy with Allstate CT Page 5848 stated that a dispute over such matters must be submitted to arbitration within two years of the date of the accident. The plaintiff's claim was not submitted within two years and the contract of insurance by its terms bars a claim for underinsured motorist benefits against the company.
The resolution of this case depends on an interpretation of Public Act 93-77 and whether it can be held to save the plaintiff's claim in this case.
In relevant part that statute reads as follows:
 Section (2)(e). No insurance company doing business in this state may limit the time within which any suit may be brought against it or any demand for arbitration on a claim be made on the uninsured or underinsured motorist provisions of a motor vehicle policy to a period of less than three years from the date of the accident provided, in the case of an underinsured motorist claim the insured may toll any applicable limitation period (1) by notifying such insurer prior to the expiration of the applicable limitation period, in writing, of any claim which the insured may have for underinsured motorist benefits and (2) by commencing suit or demanding arbitration under the terms of the policy not more than one hundred eighty days from the date of exhaustion of the limits of liability under all automobile insurance policies applicable at the time of the accident by settlements or final judgments after any appeals.
 Section (3) [n]o uninsured or underinsured motorist claim or action pending on December 8, 1992, or brought after said date and prior to the effective date of this action, in which a settlement has not been reached or a final judgment has not been rendered prior to the effective date of this act, shall fail by reason of any contractual limitation in a motor vehicle insurance policy. . . .
The effective date of this statute was May 20, 1993.
The statutory amendment was made in response toMcGlinchey v. Aetna Casualty Surety Co., 224 Conn. 133
(1992) which upheld the two year limitation. CT Page 5849
The plaintiff's argument is that Public Act 93-77 was passed to correct the perceived inequities of McGlinchey. The act, in effect, renders the two year limitation period null and void by providing such period shall not be "less than three years." Unless and until the defendant company did not amends its policy to replace the invalidated limitation period the underinsured motorist provisions of the policy remained in effect without any limitations period except for the ordinary six year limitations applicable to contract actions.
The problem I have with this argument, even if its premises are accepted as true, is the fact that although the date of the accident was January 12, 1991, Allstate was not notified of a claim until June 29, 1993 and the action was not even commenced until March of 1994. The statute of limitations under the terms of the policy expired on January 21, 1993 several months before the effective date of this ameliorative legislation. McGlinchey has clearly held that a two year statute of limitations on these claims is not impermissible.
Section 3 does provide for retroactive application of the act but it refers to underinsured motorist claims or actions pending on December 8, 1992 or brought after such date and prior to the effective date of the act. Here as noted, no pending underinsured motorist claim was pending on December 8, 1992 and notice of the claim was not given and suit was not brought until after the effective date of the act.
The very language of Section 3 is explicit recognition that there are possible claims out there in the universe which do not fall within the limited retroactive protection Section 3 sought to provide. This is one such claim; P.A. 93-77 does not apply and McGlinchey has held, for better or worse, that a two year statute of limitations on these claims is permissible and enforceable.
 II.
The preceding discussion assumes the plaintiff's premises regarding her interpretation of the statute are correct. the [The] plaintiff quotes extensively from the legislative history ofPublic Act 93-77. Some of the language referred to supports the broad position that a policy provision limiting these claims to two years is null and void and since no maximum CT Page 5850 period is referred to, the six year limitation for ordinary contract claims would apply. Query whether the legislative history would support applying this interpretation of the public act to policies already in existence on the date the act became effective?
In fact, the Appellate Court seems to have answered this concern in Aetna Life Casualty Co. v. Braccidiferro, 34 Conn. App. 833,841-843 (1994).
At page 842 the court said:
 The legislature addressed this very issue, and concluded that, where possible, the policies should be rewritten to conform to the new legislation. The legislature was cognizant, however, of the potential problem that policies with the two year limitation would become the focus of litigation prior to being rewritten. In such cases, the three year limitation would be imposed upon the claim. This is a logical result because the contract was lawful when written, the parties to the contract intended that the minimum legal time limitation control underinsured motorist claims, and the law was written to have a retroactive effect on rights of the parties.
In a footnote on the same page the court added the following:
 Our review of the legislative testimony discloses that proponents of the act first seem to advocate imposing the three year limitation on a policy that provides for a two year provision, and then seem to contradict this intent. In fact, however, the proponents intended that where, after the enactment of P.A. 93-77, an insurer either issued a policy with a time limitation less than three years in direct contravention of the statutory mandate, or where an insurer failed to rewrite a policy that provided a two year limitation before an underinsured motorist claim arose under the policy, the two year provision would be invalidated and a claim for underinsured motorist benefits would be time barred only by the usual statute of limitations for contract actions in this state, six CT Page 5851 years. Here, however, where the insurer's two year provision was in place before the act was enacted and became the focus of a controversy before the insurer could rewrite the policy, the three year limitation displaces the two year period.
Where the insurer's provision was in place beforeP.A. 93-77 was enacted and became the focus of a controversy before the insurer could rewrite the policy it would be difficult to see in light of McGlinchey how the court could hold otherwise than it did in Braccidiferro. In fact, in a case such as the one now before the court, where rights and defenses under the policy have already accrued it might even create constitutional problems if the court or the legislature decided to rewrite this insurance contract after the Supreme Court has held a two year limitations period is legally acceptable.
In any event, if a three year limitation is applied here, the plaintiff would have had to bring this action within three years of the date of this accident — January 12, 1992. Here the plaintiff did not notify the insurer of her underinsured motorist claim until June 23, 1993. Summary Judgment is entered in the defendant's favor on the First Count.
Second Count
The defendant moves for summary judgment of the Second Count of the complaint which alleges a violation of CUTPA "and/or" CUIPA. The basis of the claim is subsection (6) of Section 38a-816 of the General Statutes and it is clear that such claims "require a showing of more than a single act of insurance misconduct," Mead v. Burns, 199 Conn. 651, 659
(1986), Lees v. Middlesex Insurance Co., 229 Conn. 842,848-849 (1994). The court in the Lees case went on to say:
 The gravamen of the plaintiff's claim is that the defendant unfairly failed to settle her claim, and her claim alone. We conclude that the defendant's alleged improper conduct in the handling of a single insurance claim, without any evidence of misconduct by the defendant in the processing of any other claim does not rise to the level of `general business practices' as required by § 38a-816()." Id. at p. 849.
CT Page 5852
Able plaintiff's counsel in an attempt to avoid the Mead
and Lees cases refers to a letter sent to him by the insurer asserting the very position regarding P.A. 93-77 which the company had its lawyers advance in this case. He argues that these matters show a "general business practice" and that the insurer "concedes in its brief that it treats all insureds similarly situated to the plaintiff as though Public Act 93-77
automatically amended their insurance contracts to include a three year limitation on underinsured motorist claims" (page 13 of plaintiff's brief).
Because an insurer adopts a legal position that would be applied to insured's generally in similar cases does not mean in fact that it has or even will do so. The court was quite explicit in Lees — to paraphrase the language at page 849, there must be evidence of misconduct by the defendant in the processing of other claims. If plaintiff's argument were accepted as true, Lees would in effect be emasculated since astute counsel could always argue I suppose that if the insurer tries to justify its actions towards his or her client in this case of alleged misconduct by any reference to general case law it surely will take the same position towards other insureds in the future and perhaps has already done so in the past.
In any event, in light of the court's ruling on the First Count, the Second Count should also fail so that on the basis of the two reasons stated, the defendant is granted Summary Judgment as to the Second Count.
Corradino, J.