[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
The defendant has moved for summary judgment on the ground the plaintiff's claim for uninsured motorists benefits is barred by the time limitation set forth in the insurance policy issued by the defendant. The plaintiff was injured in an automobile accident on March 29, 1991. He commenced this action in March of 1994. The defendant has shown by way of affidavits that the plaintiff did not claim uninsured motorists benefits from the defendant within the two year limitation period set forth in the insurance policy.
The plaintiff contends that his claim is saved byPublic Act No. 93-77. This act provides, in part, as follows:
 Section 3. No uninsured or underinsured motorists claim or action pending on December 8, 1992, or brought after said date and prior to the effective date of this act, in CT Page 364 which a settlement has not been reached or a final judgment has not been rendered prior to the effective date of this act, shall fail by reason of any contractual limitation in a motor vehicle insurance policy which limits the time within which such claim shall be submitted to arbitration or such action shall be commenced to a period of time less than that allowed under § 38a-336 of the general statutes as amended by § 2 of this act.
The plaintiff argues that his claim was pending on December 8, 1992, because the claim had not been decided as of that date. His, claim had not been decided as of December 8, 1992, for the reason he had not yet brought or made a claim against the defendant. The plaintiff has not submitted any evidence to show that he had made a claim against the defendant as of December 8, 1992. The plaintiff's claim does not fall within the limited retroactive protection section 3 sought to provide. See Rivera v. AllstateInc. Co., CV94-0535640 14 Conn. L. Rptr. 350 (Corradino, J.) (May 25, 1995) (Judicial District of Hartford-New Britain at Hartford). Since Public Act No. 93-77 does not save the plaintiff's claim, the motion for summary judgment must be granted.
The motion for summary judgment is granted.