[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On June 14, 1995, Mary Rampone (Rampone), instituted this action against Peerless Insurance Company (Peerless), for underinsured benefits arising out of an automobile accident between Rampone and one Eugenia Martynova. Prior to commencing this action, Rampone collected insurance proceeds from Martynova's insurance company in the amount of twenty thousand ($20,000) dollars, exhausting the policy.
Rampone has filed a motion for summary judgment on the issue of liability alone, arguing that there exists no genuine issue of CT Page 2612 material fact as to Peerless' liability under the policy. She argues that Peerless' four special defenses address only the issue of damages, and that she is, therefore, entitled to judgment on the issue of liability. Peerless has not filed an objection to the motion, although granted two extensions for that purpose. Additionally, counsel for Peerless did not appear at short calendar to argue the motion or otherwise contest its liability. It is further noted that in its answer, Peerless denied Rampone's allegation that it had an insurance policy with Peerless for underinsured benefits; however, Peerless' special defenses all assert setoff claims it purports to be entitled to under the terms of the policy. Thus, Peerless has in fact admitted the existence of a liability policy with Rampone.
Summary judgment may be granted where "the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 384;Lees v. Middlesex Ins. Co., 229 Conn. 842, 849. Practice Book § 385 provides, in relevant part: "A summary judgment, interlocutory in character, may be rendered on the issue of liability alone, although there is a genuine issue as to damages. In such case the court shall order an immediate hearing before a referee, before the court, or before a jury, whichever may be proper, to determine the amount of damages."
There is no genuine issue as to whether Peerless is liable to Rampone for underinsurance benefits and that Rampone is entitled to judgment as a matter of law on the issue of liability. Accordingly, the motion for summary judgment as to liability is hereby granted.
Moraghan, J.