MARION LEES *v.* MIDDLESEX INSURANCE COMPANY
(14670)

PETERS, C. J., BORDEN, NORCOTT, KATZ and PALMER, Js.

Argued February 17—decision released June 28, 1994

*John T. Bochanis,* with whom, on the brief, was *Thomas J. Weihing,* for the appellant (plaintiff).

*John W. Lemega,* with whom was *John B. Farley,* for the appellee (defendant).

PALMER, J. The dispositive issue in this appeal is whether the trial court properly granted summary judgment for the defendant, Middlesex Insurance Company, on the ground that the plaintiff, Marion Lees, had failed to allege valid claims under the Connecticut Unfair Insurance Practices Act (CUIPA); General Statutes (Rev. to 1981) § 38-60 et seq.;[1] and the Connecticut

---

[1] General Statutes (Rev. to 1981) § 38-60 provides: "UNFAIR PRACTICE PROHIBITED. No person shall engage in this state in any trade practice which

Unfair Trade Practices Act (CUTPA). General Statutes § 42-110a et seq.[2] The plaintiff appealed from the judgment of the trial court to the Appellate Court, and we transferred the appeal to this court pursuant to Practice Book § 4023 and General Statutes § 51-199 (c). We affirm the judgment of the trial court.

is defined in section 38-61 as, or determined pursuant to sections 38-62 and 38-63 to be, an unfair method of competition or an unfair or deceptive act or practice in the business of insurance, nor shall any domestic insurance company engage outside of this state in any act or practice defined in subsections (1) to (12), inclusive, of section 38-61. The commissioner shall have power to examine the affairs of every person engaged in the business of insurance in this state in order to determine whether such person has been or is engaged in any unfair method of competition or in any unfair or deceptive act or practice prohibited by sections 38-60 to 38-64, inclusive. When used in said sections, 'person' means any individual, corporation, association, partnership, reciprocal exchange, interinsurer, Lloyd's insurer, fraternal benefit society, and any other legal entity engaged in the business of insurance, including agents, brokers and adjusters." Section 38-60 has been recodified, effective January, 1991, and now is found at General Statutes § 38a-815.

General Statutes (Rev. to 1981) § 38-61 provides in relevant part: "UNFAIR PRACTICES DEFINED. The following are defined as unfair methods of competition and unfair and deceptive acts or practices in the business of insurance . . . .

"(6) UNFAIR CLAIM SETTLEMENT PRACTICES. Committing or performing with such frequency as to indicate a general business practice any of the following . . . (b) failing to acknowledge and act with reasonable promptness upon communications with respect to claims arising under insurance policies . . . (e) failing to affirm or deny coverage of claims within a reasonable time after proof of loss statements have been completed; (f) not attempting in good faith to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear . . . (n) failing to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement . . . ." Section 38-61 has been recodified, effective January, 1991, and now is found at General Statutes § 38a-816. References to these provisions in this opinion are to the renumbered sections.

[2] General Statutes § 42-110b provides: "UNFAIR TRADE PRACTICES PROHIBITED. LEGISLATIVE INTENT. (a) No person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce.

"(b) It is the intent of the legislature that in construing subsection (a) of this section, the commissioner and the courts of this state shall be guided

We have previously recited the relevant undisputed facts. *Lees* v. *Middlesex Ins. Co.,* 219 Conn. 644, 648, 594 A.2d 952 (1991). "On May 9, 1982, a fire destroyed the home of the plaintiff. At the time of the loss, the plaintiff's home was insured by the defendant. On August 9, 1982, the plaintiff filed two proof of loss statements with the defendant, one for loss of the dwelling and the other for loss of the contents of the dwell-

by interpretations given by the Federal Trade Commission and the federal courts to Section 5 (a) (1) of the Federal Trade Commission Act (15 U.S.C. 45 (a) (1)), as from time to time amended.

"(c) The commissioner may, in accordance with chapter 54, establish by regulation acts, practices or methods which shall be deemed to be unfair or deceptive in violation of subsection (a) of this section. Such regulations shall not be inconsistent with the rules, regulations and decisions of the federal trade commission and the federal courts in interpreting the provisions of the Federal Trade Commission Act.

"(d) It is the intention of the legislature that this chapter be remedial and be so construed."

General Statutes § 42-110g provides in relevant part: "ACTION FOR DAMAGES. CLASS ACTIONS. COSTS AND FEES. EQUITABLE RELIEF. (a) Any person who suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment of a method, act or practice prohibited by section 42-110b, may bring an action in the judicial district in which the plaintiff or defendant resides or has his principal place of business or is doing business, to recover actual damages. Proof of public interest or public injury shall not be required in any action brought under this section. The court may, in its discretion, award punitive damages and may provide such equitable relief as it deems necessary or proper.

"(b) Persons entitled to bring an action under subsection (a) of this section may, pursuant to rules established by the judges of the superior court, bring a class action on behalf of themselves and other persons similarly situated who are residents of this state or injured in this state to recover damages. . . .

"(d) In any action brought by a person under this section, the court may award, to the plaintiff, in addition to the relief provided in this section, costs and reasonable attorneys' fees based on the work reasonably performed by an attorney and not on the amount of recovery. In a class action in which there is no monetary recovery, but other relief is granted on behalf of a class, the court may award, to the plaintiff, in addition to other relief provided in this section, costs and reasonable attorneys' fees. In any action brought under this section, the court may, in its discretion, order, in addition to damages or in lieu of damages, injunctive or other equitable relief. . . ."

ing. By letter dated August 16, 1982, the defendant rejected both proofs of loss as being 'excessive and premature.' On November 1, 1982, the defendant paid the plaintiff's claim for loss of the dwelling but, without explanation, made no payment on the claim for loss of the contents. There was no further communication between the parties until August 23, 1983, when the plaintiff made a written inquiry requesting an explanation for the denial of her loss of contents claim." The defendant failed to respond to the plaintiff's inquiry.

On August 16, 1985, the plaintiff filed a three count complaint alleging that the defendant had: (1) breached the insurance contract; (2) engaged in unfair insurance practices in violation of CUIPA; and (3) engaged in unfair trade practices in violation of CUTPA. The defendant moved for summary judgment on the ground that the plaintiff's claims were barred by the one year suit limitation provision in the fire insurance contract. The trial court, *Thompson, J.*, rendered summary judgment in favor of the defendant on all three counts, and the Appellate Court affirmed the judgment of the trial court. *Lees* v. *Middlesex Ins. Co.*, 23 Conn. App. 814, 581 A.2d 287 (1990). We granted the plaintiff's petition for certification to appeal limited to the issue of whether the Appellate Court had correctly concluded that the plaintiff's CUIPA and CUTPA claims were barred by the one year limit for a suit on the policy.[3] We reversed the judgment of the Appellate Court and remanded the case for further proceedings in the trial court. *Lees* v. *Middlesex Ins. Co.*, supra, 219 Conn. 657.

On remand, the defendant moved for summary judgment claiming, inter alia, that its alleged conduct in failing to settle the plaintiff's loss of contents claim did

[3] The plaintiff did not seek certification to appeal from the judgment of the Appellate Court affirming the summary judgment rendered by the trial court on the breach of contract count.

not, as a matter of law, constitute an unfair or deceptive practice prohibited by CUIPA or CUTPA. The trial court, *Lewis, J.,* rendered summary judgment in favor of the defendant, concluding that the undisputed evidence failed to satisfy the requirement that the defendant had committed or performed unfair claim settlement practices "with such frequency as to indicate a general business practice"; General Statutes § 38a-816 (6); and that absent a viable CUIPA claim, the plaintiff could not prevail under CUTPA.

On appeal, the plaintiff contends that the trial court, in granting the defendant's motion for summary judgment, incorrectly concluded that: (1) multiple acts of misconduct by the defendant in the handling of the plaintiff's single insurance claim were not sufficient to satisfy the requirement of General Statutes § 38a-816 (6) that the defendant had engaged in unfair settlement practices "with such frequency as to indicate a general business practice"; and (2) the plaintiff could not prevail on her CUTPA count in the absence of a viable cause of action under CUIPA. We do not agree with the plaintiff's claims.[4]

I

The plaintiff acknowledges that a claim under CUIPA predicated upon alleged unfair claim settlement practices in violation of § 38a-816 (6) requires proof that the unfair settlement practices were committed or per-

---

[4] The defendant raises alternate grounds for affirmance of the trial court's summary judgment on both the CUIPA and CUTPA claims. With respect to the CUIPA count, the defendant contends that CUIPA does not create a private cause of action. We decline to consider that claim because it is unnecessary for us to do so. See *Mead* v. *Burns,* 199 Conn. 651, 657 n.5, 509 A.2d 11 (1986); *Griswold* v. *Union Labor Life Ins. Co.,* 186 Conn. 507, 521 n.12, 442 A.2d 920 (1982). We similarly need not reach the defendant's contention that the plaintiff's CUTPA count must fail because she has not demonstrated an "ascertainable loss" under General Statutes § 42-110g (a).

formed "with such frequency as to indicate a general business practice."[5] *Mead* v. *Burns,* 199 Conn. 651, 509 A.2d 11 (1986). The plaintiff contends, contrary to the conclusion of the trial court, that proof of an insurer's commission of two or more unfair claim settlement practices in relation to only one insurance claim is sufficient to satisfy the "general business practice" requirement of § 38a-816 (6). Therefore, although the plaintiff has not alleged unfair settlement practices by the defendant in its handling of any other insurance claim or claims,[6] she maintains that the defendant's improper conduct in connection with her loss of contents claim is sufficient to establish the defendant's liability under CUIPA.[7] We are not persuaded by the plaintiff's interpretation of § 38a-816 (6).

[5] We note that of the sixteen categories of unfair insurance practices proscribed by General Statutes § 38a-816, only subsection (6) expressly requires proof that the unfair claim settlement practices enumerated therein were committed or performed "with such frequency as to indicate a general business practice."

[6] The plaintiff suggests that the trial court, in granting the defendant's motion for summary judgment, improperly failed to consider three other suits filed against the defendant and two complaints against the defendant lodged with the insurance commissioner, all alleging CUIPA violations. The trial court correctly concluded, however, that the only misconduct alleged by the plaintiff in her complaint concerned the defendant's handling of the plaintiff's loss of contents claim. Furthermore, the record reflects, and the plaintiff does not dispute, that the three suits alleging CUIPA violations by the defendant were withdrawn, and the complaints were resolved on the basis of the defendant's responses to the insurance commissioner. Because the plaintiff adduced no additional facts or information concerning any of those matters, the trial court properly determined that they were of no evidentiary value. See *Dowling* v. *Kielak,* 160 Conn. 14, 18, 273 A.2d 716 (1970).

[7] Specifically, the plaintiff contends that the defendant failed: (1) to acknowledge and act with reasonable promptness upon her inquiries about the claim; General Statutes § 38a-816 (6) (b); (2) to affirm or deny coverage within a reasonable time after submission of the required proof of loss statements; General Statutes § 38a-816 (6) (e); (3) to make a good faith effort to effectuate a prompt, fair and equitable settlement of her claim, even though the defendant's liability on the claim had become reasonably clear; General Statutes § 38a-816 (6) (f); and (4) to provide promptly "a reason-

In requiring proof that the insurer has engaged in unfair claim settlement practices "with such frequency as to indicate a general business practice,"[8] the legislature has manifested a clear intent to exempt from coverage under CUIPA isolated instances of insurer misconduct. *Mead* v. *Burns,* supra, 199 Conn. 666. The gravamen of the plaintiff's claim is that the defendant unfairly failed to settle her claim, and her claim alone. We conclude that the defendant's alleged improper conduct in the handling of a single insurance claim, without any evidence of misconduct by the defendant in the processing of any other claim, does not rise to the level of a "general business practice" as required by § 38a-816 (6).[9]

Practice Book § 384 provides that summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." "In deciding a motion for summary judgment, the trial court must view the evidence in the light most

able explanation of the basis in the insurance policy in relation to the facts or applicable law for denial" of the claim. General Statutes § 38a-816 (6) (n).

[8] The term "general business practice" is not defined in the statute, so we may look to the common understanding of the words as expressed in a dictionary. *State* v. *Indrisano,* 228 Conn. 795, 809–10, 640 A.2d 986 (1994). "General" is defined as "prevalent, usual [or] widespread"; Webster's Third New International Dictionary; and "practice" means "[p]erformance or application habitually engaged in . . . [or] repeated or customary action." Id.

[9] Our conclusion is in accord with that of the Appellate Court in *Quimby* v. *Kimberly Clark Corp.,* 28 Conn. App. 660, 671–72, 613 A.2d 838 (1992), where the court held that the plaintiff's allegation of multiple unfair claim settlement practices by the defendant insurer in the handling of the plaintiff's workers' compensation claim, absent an allegation of unfair settlement practices by the insurer in the handling of other claims, failed to state a cause of action under CUIPA. See also *Aguilar* v. *United National Ins. Co.,* 825 F. Sup. 456 (D. Conn. 1993) (allegation of several unfair claim settlement practices by insurer in connection with a single claim does not state a claim under CUIPA).

favorable to the nonmoving party." (Internal quotation marks omitted.) *Scrapchansky* v. *Plainfield,* 226 Conn. 446, 450, 627 A.2d 1329 (1993); *Connecticut Bank & Trust Co.* v. *Carriage Lane Associates,* 219 Conn. 772, 780–81, 595 A.2d 334 (1991). Because the defendant's alleged unfair claim settlement practices, viewed in the light most favorable to the plaintiff, did not constitute a "general business practice" under § 38a-816 (6), the trial court properly granted the defendant's motion for summary judgment on the CUIPA count.

## II

The plaintiff also contends that the trial court improperly granted the defendant's motion for summary judgment on the CUTPA claim. The plaintiff argues that the trial court incorrectly concluded that the CUTPA count, based on the same alleged unfair claim settlement practices as the CUIPA count,[10] required proof that the defendant's conduct constituted a "general business practice." We have previously considered and rejected this precise argument. In *Mead* v. *Burns,* supra, 199 Conn. 651, we concluded that a CUTPA claim based on an alleged unfair claim settlement practice prohibited by § 38a-816 (6) required proof, as under CUIPA, that the unfair settlement practice had been committed or performed by the defendant "with such frequency as to indicate a general business practice." In so holding, we observed that a CUTPA claim based on the public policy embodied in CUIPA must be consistent with the regulatory principles established therein, and that "[t]he definition of unacceptable insurer conduct in [§ 38a-816 (6)] reflects the legisla-

[10] The plaintiff asserts, without further elaboration or substantiation, that her CUTPA claim is not based solely on the defendant's alleged CUIPA violations. This assertion, however, is contradicted by the complaint and the plaintiff's response to the defendant's request to revise, each of which makes plain that the plaintiff's CUTPA claim is based on the same alleged conduct as the CUIPA claim.

tive determination that isolated instances of unfair insurance settlement practices are not so violative of the public policy of this state as to warrant statutory intervention." Id., 666. Because the plaintiff's evidence was insufficient to satisfy the requirement under CUIPA that the defendant's alleged unfair claim settlement practices constituted a "general business practice," the plaintiff's CUTPA claim could not survive the failure of her CUIPA claim. Accordingly, the trial court properly rendered summary judgment for the defendant on the CUTPA count. The judgment is affirmed.

In this opinion the other justices concurred.