[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
According to her revised complaint dated March 27, 1995, plaintiff has brought this action against defendant CIGNA Property Casualty in five counts. CT Page 5709
In the first count plaintiff alleges that in April 1987, while employed for Howmet Turbine Company, she was injured in a work related accident, that defendant CIGNA Property Casualty was the workers' compensation carrier for Howmet, and that the defendant, knowing that plaintiff's claim was wholly valid, wrongfully, and in breach of the implied covenant of good faith and fair dealing, withheld and denied benefits due the plaintiff.
In the second count the plaintiff alleges that in denying her claim for benefits, defendant acted wrongfully and unreasonably in several respects, and that as a result she suffered substantial losses.
In the third count the plaintiff claims infliction of mental stress.
In the fourth count the plaintiff alleges a violation of General Statutes §§ 38-61 et seq.
In the fifth count plaintiff claims that the defendant violated General Statutes §§ 42-110 et seq.
The defendant claims by way of special defense that the plaintiff's claims are barred by the exclusive remedy provisions of General Statutes § 31-284, and that the plaintiff has failed to exhaust her administrative remedies provided under the Workers' Compensation Act.
A court trial was held for five days beginning on February 9, 1995. The court will first address the defendants' special defenses as well as a claim made by defendant at trial.
The court holds that the plaintiff's claims are not barred by the exclusive remedy provisions of General Statutes § 31-284. To bypass the exclusivity of the act there must be a wilful and malicious injury inflicted intentionally without just cause or excuse. A wilful or malicious injury is one caused by design. Wilfulness and malice alike import intent. Its characteristic element is the design to injure either actually entertained or to be implied from the conduct or circumstances. Mingachos v.CBS, Inc., 196 Conn. 91, 102; Bariko v. Travelers InsuranceCo., No. CV 291652 Superior Court, JD of Fairfield at CT Page 5710 Bridgeport [6 Conn. L. Rptr. 698 (1992) and8 Conn. L. Rptr. 316 (1993)]. The court finds under the facts of this case that the defendant through its employee, Lisa Marci, displayed sufficient wilfulness and maliciousness to bypass the exclusivity of § 31-284. Furthermore, the plaintiff did in fact seek redress through her administrative remedies. However, although her unpaid bills were eventually paid, it was not until after she retained counsel who took the matter to the Workers' Compensation Commissioner that she got treated fairly. This is not a claim for the unpaid bills which were eventually paid, but for the intentional infliction of mental stress.
At trial, counsel for the defendant repeatedly objected to questions raised by the plaintiff, claiming that the wrong party was being sued. He himself represented the defendant, CIGNA Property Casualty Insurance Company. When asked by the court whether CIGNA, Insurance Company of North America, or Pacific Employers Insurance Company should have been sued he said he didn't know. Clearly there is some relationship between CIGNA, Insurance Company of North America, Pacific Employers Insurance Company, and the defendant CIGNA Property Casualty Insurance Company. Each company's name is found in the files concerning the plaintiff s claims. Furthermore, the same file number is used no matter which company's name is found on an exhibit or in the file brought to court by Allan Ledger (who claimed to be employed by Insurance Company of North America). At any rate, during the period covered by the plaintiff's allegations, Lisa Marci was a senior claims representative of defendant CIGNA Property and Casualty Company (Plaintiff's Exhibits. 10, 17) and it is that company which is being sued because of her actions against the plaintiff. The defendant failed to meet its burden to show that the wrong party was sued.
Defendant has claimed that during the testimony of the witness Molly Hinchman, plaintiff offered evidence as to alleged out-of-court declarations by Lisa Marci, and that such testimony was hearsay unless such statements constituted admissions of CIGNA Property Casualty Company. The court finds that Lisa Marci, the Senior Claims Representative of CIGNA Property and Casualty CT Page 5711 Companies (Exhibits. 10 and 17), clearly had responsibility for handling claims and speaking as the agent for the defendant. (Plaintiff's Ex. 8). Thus, her remarks were admissible against her employer.
After hearing all the evidence, the court finds that Lisa Marci's actions in regard to the plaintiff were vindictive and outrageous. The following evidence demonstrates this finding:
She refused to pay bills for psychological counselling although the plaintiff's treating physicians considered such counselling to be necessary. (Plaintiff's Exhibits. 1, 2, 3, 4, 5, 6, 7, 12, 14, 15, 21, 27, 28, Testimony of Hinchman.)
She refused to accept phone calls from treating health care providers (Ex. 15), Testimony of Dr. Bruno).
On several occasions checks were not sent or were sent late to the plaintiff with no justifiable reason being given.
She stated to Molly Hinchman that she wouldn't pay her bills and was throwing the bills in the wastebasket.
Although Dr. Bruno made numerous calls to Lisa Marci, Marci refused to pay for psychological counselling.
In November or December, 1989, she stated to Dr. Bruno in his office that the plaintiff was a fraud and a lesbian.
In August of 1990 through December 1990 she stopped payment of checks to plaintiff with no justification for doing so.
She refused to accept Dr. Bruno as plaintiff's primary health care provider.
She refused to cooperate with Dr. Bruno when he suggested that additional tests for the plaintiff be made.
She failed to return calls to the plaintiff who CT Page 5712 wanted to know why certain check payments had been stopped.
She hung up on the plaintiff's sister who tried to find out why the payments had been stopped.
The court finds that the plaintiff has proved that the defendant through its employee Lisa Marci has breached the implied covenant of good faith and fair dealing (Count 1), that the plaintiff suffered severe mental and emotional distress as a result (Count 2), and that the actions of said Lisa Marci constituted intentional infliction of mental stress (Count 3).
The very fact that Marci called the plaintiff whom she had never met a fraud as well as a lesbian, has lead the court to conclude that she intended to cause emotional distress to the plaintiff, especially in light of the reports from various doctors that the plaintiff was already in an emotional state and in need of psychological counselling. There was ample evidence to show that the plaintiff's condition was made much worse as a result of Lisa Marci's actions.
The court finds that the plaintiff is not entitled to recover under Count 4 of the complaint which alleges a violation of General Statutes § 38-61, et seq. (the predecessors to § 38a-316 et seq.) (CUIPA). To prove a violation of that statute it must be shown that the unfair claim settlement practices must be committed or performed with such frequency as to indicate a general business practice." The plaintiff failed to allege or prove such to be the case. Meade v. Burns, 199 Conn. 651, 509 A.2d 11
(1986).
The court further finds that the plaintiff is not entitled to recover under count 5 which alleges a violation of General Statutes § 42-110 et seq. (CUTPA). Because the plaintiff's allegation was insufficient to satisfy the requirement under CUIPA that the defendant's alleged unfair claim settlement practices constituted a "general business practice," the plaintiff's CUTPA claim cannot survive the failure of her CUPIA claim Lees v. Middlesex Ins. Co.,229 Conn. 842, 851.
The court finds that as a result of Lisa Marci's CT Page 5713 actions, plaintiff suffered embarrassment, humiliation, severe mental and emotional distress and discomfort. The court finds her damages to be $18,000.00.
Accordingly, judgment may enter for the plaintiff for $18,000.00, plus costs.
Allen, State Trial Referee, J.