[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Presently before the court are Motions to Strike filed by each defendant.
On January 31, 1996, the plaintiff, Patricia Philson, filed a three-count complaint against the defendants, United States Fidelity and Guaranty Company (USFG) and its attorney, Alan Robertson. The first count alleges that USFG violated the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110b. The second count alleges misrepresentation on the CT Page 4187 part of both USFG and Robertson. The third count alleges that USFG and Robertson breached CUTPA.
Philson alleges the following facts in the first count. Philson instituted a claim against an insured of USFG as the result of an auto accident involving Philson and the insured of USFG. Robertson is an attorney employed as "in-house counsel for the defendant USFG." In processing said claim and defending said suit, USFG violated General Statutes § 42-110 (a) and § 38-61 (6).[1]
In count two Philson alleges she "moved for and was granted summary judgment as to liability" in the underlying action. She further alleges that, at USFG's request, she submitted to an independent medical exam with Dr. Balacz Smogyi. Philson claims that Robertson made certain misrepresentations to the physician concerning a previous back injury suffered by Philson which caused the doctor to change his opinion and "to ascribe half of [Philson's] medical bills and half of the disability rating to the prior condition." Philson alleges that Robertson's misrepresentations were made while he was acting within the scope of his employment with USFG. She further alleges that the statement violated the rules of professional conduct, and, as a result, Philson has suffered damages.
In the third count, Philson adds the following allegations. Both USFG and Robertson have violated CUTPA by engaging in unfair, deceptive actions in the conduct of their trade or business, by misrepresenting a "knowable fact," and by violating the Rules of Professional Conduct.
On March 8, 1996, Robertson filed a motion to strike counts two and three, along with a memorandum of law in support of the motion. On March 13, 1996, USFG filed a motion to strike counts one, two, and three, accompanied by a memorandum in support of the motion. On April 1, 1996, Philson filed a memorandum of law in opposition to the motions.
"The motion to strike . . . replaced the demurrer in our practice. Its function, like that which the demurrer served is to test the legal sufficiency of a pleading." (Internal quotation marks omitted.) RK Constructors Inc. v. Fusco Corp., 231 Conn. 381,384. "The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to CT Page 4188 strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff . . . . A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems, Inc. v. BOC Group,Inc., 224 Conn. 210, 215.
USFG moves to strike count one on the ground that it fails to state a CUTPA claim because it does not allege supporting facts with sufficient specificity. It contends that the allegations of the complaint merely set forth the elements of the claim as "bare legal conclusions, unsupported by facts."
Philson responds by arguing that paragraphs six and seven of the complaint, when read together, are more than adequate to state a claim. She notes that prior to filing this motion, USFG could have requested a more specific statement.
USFG further argues that the complaint fails to allege more than a single act of alleged unfair claim settlement misconduct, as required to assert a CUIPA-based claim under CUTPA. According to USFG, Philson alleges only one violation of CUTPA, and this violation pertains solely to one claim and related lawsuit in which Philson was seeking recovery against USFG's insured. USFG argues that Philson has made no factual allegations concerning USFG's handling of other claims and that Philson has failed to allege a "general business practice." Philson has not responded to this argument
USFG also maintains that the first count is legally deficient because it fails to allege any contractual relationship between Philson and USFG. USFG, therefore, contends that it owed no duty of good faith to Philson. USFG maintains that it only owes such a duty to its own insured, not to the party which sued its insured in a tort action. Philson has failed to respond to this argument.
The Connecticut Supreme Court has stated that "a CUTPA claim based on an alleged unfair claim settlement practice prohibited by [ § ]38a-816(6) required proof, as under CUIPA, that the unfair settlement practice had been committed or performed by the defendant with such frequency as to indicate a general business practice." Lees v. Middlesex Ins. Co., 229 Conn. 842, 850; Meadv. Burns, 199 Conn. 651. "[T]he legislature has manifested a clear intent to exempt from coverage under CUIPA isolated instances of insurer misconduct." Lees v. Middlesex Ins. Co., supra, 229 Conn. 849. CT Page 4189 Philson merely alleges that USFG is liable to her for "failing to attempt to settle the claim in good faith." (Emphasis added.) Heyman Assoc., No. 1 v. Ins. Co. of Pennsylvania,231 Conn. 756, 798 n. 30.
Philson has failed to allege that USFG has engaged in unfair claim settlement practices with such frequency so as to rise to a "general business practice." Accordingly, USFG's motion to strike should be granted as to the first count.
Both USFG and Robertson contend that the second count is legally insufficient because it is predicated on an alleged violation of the Code of Professional Ethics and is, therefore, not actionable. They maintain that Philson is alleging an attorney malpractice claim against Robertson, the attorney representing her adversary in a personal injury case. USFG and Robertson argue that the Rules of Professional Responsibility do not give rise to a cause of action.
USFG further argues that Philson has failed to allege the existence of a contractual relationship between herself and Robertson, and so she has no actionable claim for any alleged violation of the Code of Professional Responsibility, because she was not the beneficiary of Robertson's legal services. USFG also maintains that the second count is legally insufficient because any alleged actions by Robertson were protected by the absolute immunity afforded to judicial proceedings. USFG additionally argues that the second count is insufficient because it fails to state a recognized cause of action against an adversary's attorney. Finally, USFG contends that the second count is nothing more than a collateral attack on the judgment entered in the underlying action.
Robertson also argues that the second count is insufficient because it fails to state a recognized cause of action against an adversary's attorney. Like USFG, he contends that Connecticut courts have recognized that an attorney may be sued by a client's opponent in litigation only under very limited circumstances. Robertson maintains that none of those circumstances are present in this action. Robertson further argues that Philson has failed to allege facts sufficient to support a claim of tortious misrepresentation. Robertson contends that in order to have an actionable claim for misrepresentation, whether it be fraudulent or; negligent, the plaintiff must have been the individual who was induced to act to her detriment. In this case, it was the doctor, CT Page 4190 if anyone, who was induced to act by Robertson's statement. Like USFG, Robertson contends that the second count is essentially a collateral attack on the judgment entered in the underlying matter.
In response to all of the above arguments, Philson simply claims that the second count alleges common law misrepresentation. She states that the fact that the particular misrepresentation also "violates the Professional Code of Conduct does [not] provide the defendant with a shield to hide behind."
As with the first count, there is one issue which is dispositive of this count. Robertson claims that Philson has failed to allege facts sufficient to support a claim of tortious misrepresentation. "The elements of fraudulent misrepresentation are as follows: (1) a false representation was made as to a statement of fact; (2) it was untrue and known to be untrue by the party making it; (3) it was made to induce the other party to act upon it; and (4) the other party did so act upon thatfalse representation to his injury." (Emphasis added.)Weisman v. Kaspar, 233 Conn. 531, 539. The Connecticut Supreme Court has also recognized the tort of negligent misrepresentation, stating that "[o]ne who, in the course of his business, profession or employment . . . supplies false information for the guidance ofothers in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance
upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information." (Emphasis added.) Williams Ford, Inc. v. Hartford Courant Co., 232 Conn. 559,575.
To constitute a fraudulent misrepresentation, the statement must have been made "to induce the [plaintiff] to act," and the plaintiff must have "act[ed] upon that false representation to his injury." Weisman v. Kaspar, supra, 233 Conn. 539. Philson has not alleged facts showing that she was induced to act by Robertson's statement to the doctor.
To be a negligent misrepresentation, the plaintiff must rely on the alleged misrepresentation. Williams Ford, Inc. v. HartfordCourant Co., supra, 232 Conn. 575. Philson has alleged no facts showing that she relied to her detriment on Robertson's statement. The second count is factually insufficient. Accordingly, that Robertson's motion to strike should be granted as to the second count. Because Robertson is alleged to be the employee of USFG, and because all of the alleged actions occurred while Robertson was CT Page 4191 acting within the scope of his employment with USFG, count two is insufficient as to USFG; USFG's motion to strike should also be granted as to count two.
USFG moves to strike the third count on the ground that it is based on allegations which are identical to those in count two, and therefore, count three is legally insufficient for all of the reasons argued with regard to count two. USFG further maintains that a CUTPA action may not be initiated by a party to a lawsuit against an adversary's attorney because such an action would infringe on the attorney/client relationship. Finally, USFG argues that the third count is insufficient because there is no private cause of action provided for under CUTPA for an alleged violation of the Rules of Professional Conduct. Robertson makes the same arguments as to count three.
Philson responds by arguing that CUTPA was drafted for the purpose of providing relief for "unscrupulous and unethical conduct which does not neatly fall with the traditional theories of tort relief." She maintains that if relief is not allowed under CUTPA, then she will be left remediless.
The Connecticut Supreme Court has stated that "[i]mposing liability under CUTPA on attorneys for their representation of a party opponent in litigation would not comport with a lawyer's duty of undivided loyalty to his or her own client." Larsen ChelseyRealty Co. v. Larsen, 232 Conn. 480, 495. Additionally, "where a party to a lawsuit sues the adversary's lawyer, CUTPA does not provide a private cause of action." Id., 496, quoting Jackson v.R.G. Whipple Inc., 225 Conn. 705, 726.
The Appellate Court has stated that "the Rules of Professional Conduct do not of themselves give rise to a cause of action, even to an attorney's client. The rules that have been adopted by the judges of the Superior Court have the force of law . . . but they were not intended to create a private cause of action under CUTPA."Noble v. Marshall, 23 Conn. App. 227, 231. USFG's motion to strike, as well as Robertson's motion to strike, should be granted as to count three.
Accordingly, each motion to strike is granted.
Ronald J. Fracasse, Judge