[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Filed September 10, 1996
Presently before the court are two motions for summary judgment. Defendants Clorox, Inc. (Clorox) and Stop Shop Companies, Inc. (Stop Shop) have jointly filed one of said motions; and defendants The Price Club, Inc. f/n/a the Price Club Inc. (Price Club) and Sterling Winthrop, Inc. (Sterling Winthrop) have jointly filed the second of said motions.
Plaintiff's, Sarah and Perry Buddington, wife and husband bring this action pursuant to Sections 52-572 et seq. of the Connecticut General Statutes (Product Liability Act) against said defendants. (Second Amended Complaint dated September 9, 1992.)
Plaintiff's allege that Sarah Buddington poured Lysol under a toilet bowl and then she poured Clorox into that toilet bowl. A chemical reaction resulted which emitted fumes that allegedly caused her serious injuries. When her husband arrived home, he observed his wife being affected by asthma induced by that chemical reaction which caused him emotional distress. CT Page 5421
Lysol was manufactured by Sterling Winthrop and sold by Price Club; Clorox was manufactured by Clorox and sold by Stop Shop.
Sarah Buddington's claims against Sterling Winthrop and Price Club are alleged in First and Third Counts respectively.
"12. The defendant, STERLING, [Price Club] was negligent in that it manufactured, distributed and/or sold Lysol in a defective and unreasonably dangerous condition in that:
a. In that it failed to provide the plaintiff, SARAH BUDDINGTON, with adequate warnings, instructions and/or safety precautions as to the inducement of asthma in a reasonably foreseeable use of said Lysol;
b. In that it failed to provide the plaintiff, SARAH BUDDINGTON with adequate notice as to the presence of hydrochloric acid in said Lysol in that the words "hydrochloric acid" were not printed in the ingredient statement in violation of the Code of Federal Regulations Part 40 Section 156.10(g)(3):
c. In that it failed to provide the plaintiff, SARAH BUDDINGTON, with adequate warnings, instructions, and/or safety precautions as to the hazard of the inducement of asthma when said Lysol is combined with Clorox Bleach in violation of the Code of Federal Regulations Part 40 Section 156.10(h)(2)(i)."
Her claims against Clorox and Stop Shop are alleged in Fifth and Seventh Counts respectively.
"12. The defendant, Clorox [Stop Shop] was negligent in that it manufactured, distributed and/or sold Clorox in a defective and unreasonably dangerous condition in that:
a. It failed to provide the plaintiff SARAH BUDDINGTON with adequate warnings, instructions and/or safety precautions as to the inducement of asthma in a reasonably foreseeable use of said Clorox:
b. It failed to provide the plaintiff, SARAH BUDDINGTON, with adequate notice as to the presence of chlorine in said Clorox in that the word "chlorine" was not printed in the ingredient statement in violation of the Code of Federal Regulations Part 40 Section 156.10(g)(3); CT Page 5422
c. In that it failed to provide the plaintiff SARAH BUDDINGTON, with adequate warnings, instructions and/or safety precautions as to the combination of said Lysol with Clorox Bleach;
d. In that it failed to provide the plaintiff, SARAH BUDDINGTON, with adequate warnings, instructions and/or safety precautions as to the hazard of the inducement of asthma when said Lysol is combined with Clorox Bleach in violation of the Code of Federal Regulations Part 40 Section 156.10(g)(2)(i)."
Perry Buddington's claims for emotional distress and medical expenses for his wire are alleged in Second. Fourth, Sixth and Eighth Counts. Each of his claims is based on the same claims of negligence alleged by his wife against each defendant.
Defendants each argue that because the claims of each plaintiff are "preempted by the Federal Insecticide Fungicide and Rodenticide Act, 7 U.S.C. § 136 et seq.," each motion for summary judgment should be granted. This court agrees; each motion should be granted for that reason.
There is no "genuine issue as to any material fact" and each movant is "entitled to judgment as a matter of law." Suarez v.Dickmont Plastics Corporation, 229 Conn. 99, 105; Lees v.Middlesex Insurance Co., 229 Conn. 842, 849-50; Practice Book § 384.
State law is preempted by federal law, "[i]f Congress evidences an intent to occupy a given field [or] [i]f Congress has not entirely displaced state regulation over the matter in question, state law is still preempted to the extent it actually conflicts with federal law, that is, when it is impossible to comply with both state and federal law . . . or where the state law stands as an obstacle to the accomplishment of the full purposes and objectives of Congress." Kenney v. Kenney, 226 Conn. 219,224: see Times Mirror Co. v. Division of Public UtilityControl, 192 Conn. 506, 510-11.
"[A]bsent an explicit statement that Congress intends to preempt state law, courts should `infer such intent where Congress has legislated comprehensively to occupy an entire field or regulation, leaving no room for the States to supplement federal law.'" Serrano v. Serrano, 213 Conn. 1, 5; NorthwestCentral Pipeline Corporation v. State Corporation Commission ofCT Page 5423Kansas, 498 U.S. 493, 109 S.Ct. 1262, 1273, 103 L.Ed.2d 509
(1989). "A federal statute, therefore, will not be deemed to preempt state . . . law unless Congress has `positively required by direct enactment that state law be pre-empted.'" Kenny v.Kenny, supra, 226 Conn. 225. "State law is today preempted only to the extent necessary to protect the achievement of the aims of the federal law." Id., 224.
FIFRA provides that "no person in any State may distribute or sell to any person any pesticide that is not registered under this subchapter." 7 U.S.C.A. § 136a(a). A pesticide is "any substance or mixture of substance intended for preventing, destroying, repelling, or mitigating any pest."7 U.S.C.A. § 136(u)(1). A pest is "any insect, rodent, nematode, fungus, [or] weed." 7 U.S.C.A. § 136(t)(1). A fungus is "any non-chlorophyll-bearing thallophyte (that is, any non-chlorophyll-bearing plant of a lower order than mosses and liverworts), as for example, rust, smut, mildew, mold, yeast, and bacteria . . ." 7 U.S.C.A. § 136(k). Both Clorox and Lysol are pesticides as defined by FIFRA and are subject to its registration requirements.
Under FIFRA, a manufacturer must submit "a complete copy of the labeling of the pesticide, a statement of all claims to be made for it, and any directions for its use."7 U.S.C.A. § 136a(c)(1)(C); Labeling Requirements for Pesticides and Devices, 40 C.F.A. § 156. The applicant for registration must be forthcoming in providing information to the EPA because "[i]t shall be unlawful for any person . . . (M) to knowingly falsify all or any part of any application for registration . . . any information submitted to the Administrator pursuant to Section 136e [Registration] of this title." 7 U.S.C.A. § 136j(a)(2)(M).
Both Clorox and Lysol are registered with the United States Environmental Protection Agency (EPA) pursuant to FIFRA.
Section 136v(b) of FIFRA provides:
 Such State shall not impose or continue in effect any requirements for labeling or packaging in addition to or different from those required under this subchapter.
This language has been interpreted to preempt "any state common law cause of action that rests on an alleged failure to warn or communicate information about the product through its labeling." CT Page 5424Worm v. American Cyanamid Co., 5 F.3d 744, 747. EPA has determined that the language on the label or package complies with federal standards; therefore, a State which permits a claim for damages based on the inadequacy of labeling on packaging, approved by EPA, is imposing a "requirement" which is "in addition to or different from" those approved by EPA under FIFRA.Worm v. American Cyanamid Co., supra, 748; Papas v. Upjohn Co.,985 F.2d 516, 518-19; Shaw v. Dow Brands, Inc., 984 F.2d 364,369-71; Arkansas-Platte Gulf Partnership v. Van Water Rogers.Inc., 981 F.2d 1177, 1179; King v. E.I. DuPont de Nemours and Co.,996 F.2d 1346, 1347; compare, Cipollone v. Liggett Group, Inc.,505 U.S. 112 St. Ct. 2608, 120 L.Ed.2d 407; Wisconsin PublicIntervenor v. Mortier, 111 S.Ct. 2476, 2480, 2486,115 L.Ed.2d 532.
All of plaintiffs' claims are based in the inadequacy of labeling and packaging on each product, i.e. Lysol and Clorox. Each of these claims is preempted by FIFRA.
Accordingly, each motion for summary judgment is granted.
FRACASSE, J.