[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant in the above-entitled actions moves to strike a CT Page 562-X count in each complaint which count alleges a cause of action under the Connecticut Unfair Insurance Practices Act (CUIPA), G.S. § 38a-815 et seq. The defendant contends that no such private cause of action exists under CUIPA.
The issue of whether CUIPA creates a private cause of action has been raised before our Supreme Court, however that Court has declined to resolve the question, Lees v. Middlesex InsuranceCo., 229 Conn. 842, 847, fn. 4 (1994); Mead v. Burns,199 Conn. 651, 657, fn. 5 (1986). Several trial court decisions substantially split on the issue. This court holds that CUIPA creates no such independent cause of action
When the legislature intends to create a new, private cause of action, it does so explicitly. For example, G.S. § 42-110g
specifically establishes a right to bring a private action for violations of the Connecticut Unfair Trade Practices Act (CUTPA). CUIPA, on the other hand, conspicuously lacks such a provision. Instead, CUIPA provides specific regulatory controls by the insurance commissioner, by means of administrative hearings, over certain, undesirable insurance industry practices, §§ 38a-816
and 817.
The concluding section of CUIPA, § 38a-819, states that the "powers vested in the commissioner by [CUIPA] shall be CT Page 562-Y additional to any other powers to enforce any penalties, fines or forfeitures authorized by law with respect to the methods, acts and practices declared to be unfair or deceptive, and the commissioner may issue regulations implementing the provisions of section 38a-816." (emphasis added). This language suggests that CUIPA's enforcement and implementation rests solely with the insurance commissioner.
Also, subsection (d) of § 38a-817 states that [n]o order of the commissioner under [CUIPA] shall relieve or absolve any person affected by such order from any liability under any other
laws of this state." (emphasis added). The reference "liability" in conjunction with laws "other" than CUIPA strongly implies that CUIPA, itself, establishes no liability directly by way of a private action.
The clear language of CUIPA creates no private action. In the absence of compelling reason to do otherwise, courts should avoid creating new causes of action by inference, Lees v. MiddlesexInsurance Co., supra, 652 (1991). The court discerns no compelling reasons to recognize a private cause of action under CUIPA. CUIPA has been part of our written laws since 1955, G.S. § 2816d (1955 Rev.). During the past forty-one years, the legislation has refrained from amending CUIPA to include express provision for a private cause of action. Also, CUTPA has been CT Page 562-Z construed to provide for a private cause of action to enforce the provisions of CUIPA, Mead v. Burns, supra, 663, obviating the need for an additional form of redress. Indeed, he plaintiff has taken advantage of this fact by alleging a cause of action under CUTPA in other counts of the complaints.
For these reasons, the motions to strike the third count in case DN 51457 and the fourth count in case DN 52464 are granted.
Sferrazza, J.