[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISIONRE MOTION TO STRIKE (No. 135)
In Mead v. Burns, 199 Conn. 651, 663-66, 509 A.2d 1 1 (1986), our Supreme Court held that conduct by an insurance company that does not violate the Connecticut Unfair Insurance Practices Act ("CUIPA") cannot constitute an unfair act or practice under the Connecticut Unfair Trade Practices Act ("CUTPA"). Given this rule of law, the motion to strike now before the court must be granted.
Because the focus of the motion is rather narrow, only the applicable portion of the rather complex pleadings need be described. On February 26, 1998, one of the defendants, R.L. Rogers, Inc. ("Rogers"), filed a revised cross-claim against another defendant, Monticello Insurance Co. ("MIC"). Count III of the cross-claim (the only count in question) alleges that MIC sold a liability insurance policy to Rogers in 1993. It further alleges that MIC failed to tender a defense of Rogers in the action now before the court. Count III then alleges that this CT Page 4497 failure constitutes a violation of CUTPA. Rogers alleges that MIC was engaged in trade, business, or commerce in these activities but does not allege that MIC commited such activities with such frequency as to indicate a general business practice. On March 11, 1998, MIC filed a motion to strike Count III. The motion was heard on April 13, 1998. Under the rule of Mead v. Burns, it is clear that the failure to make this allegation is fatal and that the motion must be granted.
It is clear that if Rogers were making a CUIPA claim of an unfair claim settlement practice, the absence of an allegation of general business practice would be fatal. Conn. Gen. Stat. §38a-816(6). Rogers responds that it is not making a CUIPA claim and that the claim that it has made is a perfectly good CUTPA claim. Unhappily for Rogers, Mead v. Burns stands in its way. In that case, our Supreme Court rejected the theory that a plaintiff may rely on a general public policy against unfair insurance practices that transcends the specific prohibitions set forth in CUTPA. The Court explained that, "[t]he definition of unacceptable insurer conduct in [CUIPA] reflects the legislative determination that isolated instances of unfair insurance settlement practices are not so violative of the public policy of this state as to warrant statutory intervention. Under CUTPA, as under CUIPA, a litigant is bound by this legislative determination." 199 Conn. at 666. (Footnote omitted.) Accord Leesv. Middlesex Insurance Co., 229 Conn. 842, 849, 643 Conn. 1282
(1994). This determination is plainly binding on the lower courts.
The motion to strike is granted.
Jon C. Blue Judge of the Superior Cour