[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On June 20, 1997, the plaintiffs filed a one count compliant against the defendant Reliance National Indemnity Company. This compliant alleged a violation of the Connecticut Unfair Insurance Practices Act ("CUIPA")[1] General Statutes §38a-816 (6). The plaintiffs filed a revised compliant on November 4, 1997.
The compliant alleges the following facts: On February 13, 1995, Kevin M. Casey was the operator of a motor vehicle leased by his employer, Yankee Energy Systems, Inc., from the BLC CT Page 4210 Corporation. On this date, Kevin M. Casey was in a collision in this vehicle and suffered personal injuries. BLC Corporation filed a form with the State of Connecticut Department of Motor Vehicles that stated that the defendant Reliance National Indemnity Company was an insurer of the vehicle operated by Kevin M. Casey in his collision on February 13, 1995.
The plaintiffs, Kevin M. Casey and others, sued the tortfeasors involved in the collision of February 13, 1995. Plaintiffs Karen A. Casey, Kimberly Ann Casey, and Michael Patrick Casey were included in this suit under a claim for loss of consortium. Said tortfeasors' insurance carrier paid or is willing to pay the total liability coverage available to the tortfeasors.
On January 17, 1997, February 27, 1997, and March 6, 1997, the plaintiffs wrote to Reliance National Indemnity Company to assert an uninsured/under insured motorist claim under the defendant's insurance policy and received no reply to the correspondence.
On March 18, 1997, the plaintiffs' correspondence was sent to Crawford Company to request a copy of the defendant's policy that was in force on the date of Kevin M. Casey's automobile accident, February 13, 1995, which insured the motor vehicle used by Kevin M. Casey.
On March 19, 1997, Crawford Company wrote to the plaintiffs stating that it was procuring a copy of the lease agreement and policy at issue. On March 20, 1997, the plaintiffs sent correspondence to Crawford Company to fulfill Crawford Company's request for information on behalf of Reliance National Indemnity Company.
On March 27, 1997, March 31, 1997, and May 14, 1997, the plaintiffs sent correspondence to Crawford Company to again request the insurance policy and lease agreement for the motor vehicle at issue.
On November 26, 1997, the defendant filed a motion to strike the plaintiffs' November 4, 1997, revised compliant in its entirety on the following grounds: (1) That a private cause of action does not exist under CUIPA; and (2) That an alleged single act of insurer misconduct is insufficient to state a cause of action under CUIPA and the revised compliant fails to CT Page 4211 allege a general business practice as required by CUIPA. The defendant filed an accompanying memorandum of law in support of this motion. On January 4, 1998, the plaintiffs filed an objection to the defendant's motion to strike and an accompanying memorandum of law.
The standard for granting a motion to strike is well established. The purpose of a motion to strike is to contest the legal sufficiency of the allegations of any compliant to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the compliant. The court must construe the facts in the compliant most favorably to the plaintiff. Faulkner v. UnitedTechnologies Corp. , 240 Conn. 576, 580, 693 A.2d 293 (1997). A motion to strike is properly granted if the compliant alleges mere conclusions of law that are unsupported by the facts alleged. Novametrix Medical Systems, Inc. v. BOC Group,Inc., 224 Conn. 210, 215, 618 A.2d 25 (1992). "[F]or the purpose of a motion to strike, the moving party admits all facts well pleaded." RK Constructors, Inc. v. Fusco Corp. ,231 Conn. 381, 383 n. 2, 650 A.2d 153 (1994).
First ground to strike: A private cause of action does notexist under CUIPA
The defendant argues in its motion to strike that a private cause of action does not exist under CUIPA. The plaintiffs respond that the authority is split at the Superior Court level as to whether a private cause of action exists under CUIPA with the better reasoned cases recognizing such a private cause of action.
The Connecticut Supreme and Appellate Courts have not addressed the issue as to whether CUIPA creates a private cause of action: "[T]he defendant contends that CUIPA does not create a private cause of action. We decline to consider that claim because it is unnecessary for us to do so." Lees v.Middlesex Ins. Co., 229 Conn. 842, 847 n. 4, 643 A.2d 1282
(1994). See also Napoletano v. Cigna Healthcare of Connecticut,Inc., 238 Conn. 216, 221 n. 5, 680 A.2d 127 (1996).
The superior courts are divided as to whether CUIPA creates a private cause of action with the trend being toward denying such a cause of action.[2] "The reasoning of the line of cases refusing to recognize a private right of acting under CT Page 4212 CUIPA is more persuasive than recognizing such an action. In looking at the statutory language of CUIPA . . . [t]here is no express authority under CUIPA for a private cause of action. . . . CUIPA is not ambiguous; by its express terms, CUIPA is a regulatory act, authorizing the insurance commissioner to investigate alleged unfair insurance practices. Even if the provisions of CUIPA are ambiguous as to a private right of action, the existence of such a right should not be recognized. This is because CUIPA authorizes the imposition of criminal penalties for the commission of conduct it proscribes . . . [and] ambiguity in penal statutes requires a construction limiting rather than expanding civil liability." (Citations omitted; internal quotation marks omitted.) Joseph v.Hannan Acency Inc., Superior Court, judicial district of Danbury, Docket No. 323310 (January 9, 1997, Moraghan, J.) (18 Conn. L. Rptr. 552).[3]
However, several superior courts have found that CUIPA creates a private cause of action. "The threshold question is whether or not CUIPA allows a private cause of action . . . Section 38-62 provides a pattern of administrative proceedings by the insurance commissioner for enforcement of CUIPA. However, our courts have held that the administrative remedy is not exclusive." Thompson v. Aetna Life Casualty Co., Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 308821 (May 15, 1987, Satter, J.) (2 CSCR 648, 649).
However, it appears that the more accepted view is that of Joseph v. Hannan Agency, Inc., supra,18 Conn. L. Rptr. 552, and the other superior court decisions reflecting its reasoning. This court therefore holds that a private cause of action under CUIPA does not exist and the defendant's motion to strike is granted.
However, even if this court were to adopt the opposing reasoning, defendant puts forward a second ground to strike, which is that a single act of insurer misconduct is insufficient to state a cause of action under CUIPA and that the revised compliant fails to allege general unfair business practices.
The defendant argues that the plaintiffs' compliant fails to state a claim upon which relief can be granted because an alleged single act of insurer misconduct is insufficient to CT Page 4213 state a cause of action under CUIPA, and the revised compliant fails to allege general business unfair practices as required by CUIPA. The plaintiffs argue that they allege in their compliant a continuing course of misconduct towards the four named plaintiffs. These four named claimants allege that the insurer rebuffed their attempts at communication in violation of Connecticut General Statute section 38a-816.
We note that of the sixteen categories of unfair insurance practices proscribed by General Statutes § 38a-816, only subsection (6) expressly requires proof that the unfair claim settlement practices enumerated therein were committed or performed with such frequency as to indicate a general business practice. Lees v. Middlesex Ins. Co., supra,229 Conn. 848 n. 5.'" Ferreira v. Safeco Insurance Company of America, Superior Court, judicial district of Danbury, Docket No. 323152 (July 5, 1996, Moraghan, J.).
Claims of unfair settlement practices under CUIPA require a showing of more than a single act of insurance misconduct.Mead v. Burns, 199 Conn. 651, 659, 509 A.2d 11 (1986). Thus plaintiffs who allege several incidents of unfair practices with respect to a single claim cannot satisfy the cause of action's threshold requirement of a "general business practice."[4]Lees v. Middlesex Ins. Co., supra, 229 Conn. 848. See, e.g., Gunther v. Maryland Casualty Co., `Superior Court, judicial district of Fairfield, Docket No. 310959 (January 25, 1996, Levin, J.) The mishandling of two insureds' claims relating to a single automobile accident cannot rise to the level of a general business practice for purposes of stating a claim for unfair claim settlement practices under CUIPA. Similarly, the plaintiffs' compliant arises out of a single automobile accident: "Kevin M. Casey along with the other plaintiffs, Karen A. Casey, Kimberly Ann Casey and Michael Patrick Casey, who have claims for loss of consortium as a result of Kevin M. Casey's injuries and repercussions thereof, commenced an action against the tortfeasors involved in the collision of February 13, 1995." The plaintiffs CUIPA claim is similarly founded on this single automobile accident, a claim for uninsured/underinsured insurance policies, as the compliant alleges in part ". . . Kevin M. Casey et als wrote to Reliance National Indemnity Company asserting an uninsured/underinsured motorist claim under the defendant's insurance policy and received no reply." Therefore the defendant's motion to strike the plaintiffs' revised one count compliant in its entirety is granted on the grounds that it CT Page 4214 fails to allege an general unfair business practice violative of CUIPA.
KULAWIZ, J.