[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] ARTICULATION OF DECISION AS TO MOTION TO STRIKE
Plaintiffs allege that they owned property in Hartford, Connecticut which was insured by the defendants Vermont Mutual Insurance Company, North Security Insurance Company and Granite Mutual Insurance Company through the agency defendant LaMarche Associates, Inc., which employed defendant Kevin Hope. They further allege that the policy covered loss due to breakage of CT Page 13350 glass by vandals.
Plaintiffs allege that on January 31, 1997 a trespasser smashed a basement window in the then vacant building, allowing cold air to enter and freeze a water pipe, which burst, flooding the basement and extinguishing the furnace, in turn causing all the building's pipes to freeze. They further allege that the defendants wrongfully denied coverage of their resulting claim under the policy.
The second count sounds in traditional breach of contract and is not at issue in this motion. The first count is brought under the Connecticut Unfair Insurance Practices Act (CUIPA), alleging a variety of unfair actions by defendants, all in connection with this one claim. Defendants have moved to strike the first count on two grounds. First, that there is no private cause of action under CUIPA. Second, that the count is also legally insufficient by failing to allege more than one such instance of unfair claim settlement. The court granted the Motion to Strike on October 5, 1998 and now further articulates its decision at the request of plaintiffs.
It is axiomatic that a Motion to Strike is the proper mechanism to challenge the legal sufficiency of a count of a complaint. Mingachos v. CBS. Inc., 196 Conn. 91, 108,491 A.2d 368 (1985). If there is no private cause of action under CUIPA, then the first count is legally insufficient.
The trial courts of this state are split as to whether a private cause of action exists under CUIPA, and neither the Supreme or Appellate Courts have decided this issue. Both counsel can and do cite a number of decisions supporting their respective positions as to this issue. This court is of the opinion that CUIPA does not create such a private cause of action.
"It is somewhat difficult to accept the argument that the court can imply a private cause of action in a statute that only authorizes the insurance commissioner to investigate whether CUIPA has been violated. . . Clearly the statute does not expressly provide for a private cause of action, in contrast to CUTPA, under which `any person' who suffers any ascertainable loss may institute suit. . . One could infer that if the Legislature intended to permit a private person to initiate a claim, it could have readily done so in the same explicit fashion as in CUTPA." (citations omitted.) Lees v. Middlesex InsuranceCT Page 13351Co., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 226395 (September 3, 1992, Lewis, J), aff'd on other grounds, 229 Conn. 842, 643 A.2d 1282 (1994).
Further, this interpretation is consistent with the Supreme Court's characterization of CUIPA. "[O]ur Supreme Court in Meadv. Burns, 199 Conn. 651 (1986) in holding that C.G.S.38a-816(6) — then 38-61(6) — required a litigant to prove more than a single act of misconduct to establish a claim of unfair insurance practices expressly declined to rule as to whether a private action could be brought under CUIPA. Mead determined, however, that it was possible to state a cause of action under CUTPA for a violation of CUIPA but characterized CUIPA as a penal statute requiring a construction `limiting rather than expanding civil liability.'" Warner v. Sanford Hall Agency, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 398991 (March 8, 1993, Wagner, J.) (8 C.S.C.R 333).
For these reasons, the court granted the Motion to Strike. The court need not, and did not, reach the second ground of said motion, as to whether the allegations of the first count improperly failed to ellege more than one unfair claim settlement.
James T. Graham Superior Court Judge