[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE AMENDED MOTION TO STRIKE (No. 110)
The amended motion to strike now before the court attacks the sufficiency of the plaintiff's allegations that certain actions of the defendant violated the Connecticut Unfair Trade Practices Act, Conn.Gen. Stat. § 42-110a, et seq. ("CUTPA"), and the Connecticut Unfair Insurance Practices Act, Conn.Gen. Stat. §38a-815, et seq. ("CUIPA"). The issue is complicated by the fact that a written contract signed by the parties provides that the agreement shall be governed by Massachusetts law. For reasons stated below, the motion must be denied.
The plaintiff, Blakeslee Arpaia Chapman, Inc. ("BAC"), commenced this action by service of process on September 27, 2000. Helmsman Management Services, Inc. ("Helmsman") is the sole defendant. BAC's Second Amended Complaint consists of seven counts. Only two counts are directly attacked here: the Third Count, alleging a CUTPA violation; and the Fourth Count, alleging a CUIPA violation. Both the Third and Fourth Counts, however, incorporate by reference numerous allegations of the First Count, alleging a breach of contract, so the First Count must be described as well.
The First Count alleges that on September 24, 1992, BAC and Helmsman entered into a written contract. That contract is attached to the complaint and incorporated by reference. Under the contract, Helmsman agreed to act as BAC's agent in performing worker's compensation claims administration services and — through Helmsman's owner, Liberty Mutual Insurance Company — to provide excess worker's compensation insurance for employee claims in excess of $350,000 for each accident or each employee. One of the claims administered by Helmsman under the contract was that of one Vincenzo Audi, a BAC employee with a knee injury. BAC alleges that Helmsman badly mismanaged Audi's claim to its (BAC's) detriment. On October 19, 2000, Commissioner Robin Waller "found that [Helmsman's] actions relating to the filing of Form 36 in 1995 were CT Page 291 `misleading if not deceptive, and that Mr. Audi was misled by [Helmsman's] actions into signing the April 19, 1995 Voluntary Agreement.'" Commissioner Waller ordered Helmsman to pay certain fees and penalties which Helmsman has allegedly refused to pay.
The written contract, which as mentioned is incorporated by reference in the complaint, provides that, "The parties agree that this Agreement shall be construed under and governed by the law of the State of Massachusetts."
The Third Count incorporates the allegations of the First Count by reference and further alleges that:
 Helmsman deceived BAC by its statements and/or conduct, including but not limited to the following:
 a. although it represented that it would perform its obligations in a reasonable and prudent manner, it failed to do so in the AUDI case;
 b. although it represented that it would be liable for any claims, judgments, costs, penalties and/or expenses caused solely by its own acts or conduct, it failed to pay the amounts ordered by Commissioner Waller.
The Fourth Count incorporates by reference the allegations of the First and Third Counts and additionally alleges that Helmsman was engaged in the business of insurance and acted in the course of such business.
The amended motion to strike now before the court was filed on November 27, 2001. It was argued on January 7, 2002.
Placing the written contract's choice of law provision to one side for the moment, the Third Count adequately states a CUTPA claim. Helmsman correctly points out that "a simple contract breach is not sufficient to establish a violation of CUTPA." Boulevard Associates v. SovereignHotels, Inc., 72 F.3d 1029, 1038-39 (2d Cir. 1995). The Third Count, however, alleges significantly more than "a simple contract breach." The Third Count incorporates numerous allegations of the First Count by reference, and the incorporated allegations contend that Helmsman engaged in misleading conduct in the filing of a worker's compensation form, misled Audi into signing a voluntary agreement, and refused to obey an order of a worker's compensation commissioner. A jury could reasonably determine that the actions so alleged violated any one or all of the criteria of the well known "cigarette rule." See Haynes v. Yale-New HavenCT Page 292Hospital, 243 Conn. 17, 33 n. 18, 699 A.2d 964 (1997); Lester v. ResortCamplands International, Inc., 27 Conn. App. 59, 72, 605 A.2d 550
(1992).
Helmsman's attack on Count Four focuses on BAC's asserted failure to allege "a general business practice." Our Supreme Court has held that, "a claim under CUIPA predicated upon unfair claim settlement practices in violation of § 38a-816 (6) requires proof that the unfair settlement practices were committed or performed `with such frequency as to indicate a general business practice.'" Lees v. Middlesex Insurance Co.,229 Conn. 842, 847-48, 643 A.2d 1282 (1994). BAC's claim in Count Four is not, however, predicated upon unfair claim settlement practices. It is predicated, instead, on claims of misrepresentation and false information. See Conn.Gen. Stat. § 38a-816 (1) (2). "[O]f the sixteen categories of unfair insurance practices proscribed by General Statutes § 38a-816, only subsection (6) expressly requires proof that the unfair claim settlement practices enumerated therein were committed or performed "with such frequency as to indicate a general business practice."' Lees v. Middlesex Insurance Co., supra, 229 Conn. at 848
n. 5.
The choice of law provision in the contract between the parties must now be considered. That provision, as mentioned, specifies that, "The parties agree that this Agreement shall be construed under and governed by the law of the State of Massachusetts." Helmsman argues that BAC's CUTPA and CUIPA claims, based as they are on Connecticut law, are effectively preempted by this provision. The choice of law provision here is too thin a reed to support Helmsman's argument.
Connecticut indubitably favors enforcement of contractual choice of law provisions. Reichhold Chemicals, Inc. v. Hartford Accident IndemnityCo., 252 Conn. 774, 788, 750 A.2d 1051 (2000). "A broadly worded choice-of law provision in a contract may govern not only interpretation of the contract in which it is contained, but also tort claims arising out of or relating to the contract." Travel Services Network, Inc. v.Presidential Financial Corp., 959 F. Sup. 135, 146 (D.Conn. 1997). "But what the cases actually hold is that such a provision will not be construed to govern tort as well as contract disputes unless it is clear that this is what the parties intended." Kuchn v. Childrens Hospital,119 F.3d 1296, 1302 (7th Cir. 1997).
The choice of law provision here is narrowly worded and does not govern tort as well as contract disputes. Rather than stating, for example, that Massachusetts law shall govern any controversy arising out of or relating to" the contract; see Turtur v. Rothschild Registry International, Inc.,26 F.3d 304, 309-10 (2d Cir. 1994); the provision in question states that CT Page 293 "this Agreement shall be construed under and governed by" Massachusetts law. (Emphasis added.) This language is not sufficiently broad to apply to tort claims arising out of the contract. Krock v. Lipsay, 97 F.3d 640,645 (2d Cir. 1996).
It is necessary to distinguish between claims involving simple breaches of contract and claims involving of wrongdoing that goes beyond simple breach of contract. Under the parties' choice of law provision, claims involving simple breaches of contract — that is, acts that are wrongful only because they violate the written contract — are governed by Massachusetts law. CUTPA and CUIPA claims have to involve more than "simple contract breaches" in any event; Boulevard Associatesv. Sovereign Hotels, Inc., supra, 72 F.3d at 1039; and Connecticut law claims of "simple contract breach" are plainly pre-empted by the choice of law provision here. But acts by the defendant that violate the CUTPA and CUIPA statutes because they involve additional wrongdoing are not covered by the choice of law provision here.
As described above, BAC's complaint alleges several instances of wrongdoing that transcend a simple breach of contract. Under these circumstances, BAC's CUTPA and CUIPA claims are sufficient under Connecticut law.
The amended motion to strike is denied.
Jon C. Blue Judge of the Superior Court