[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Presently before the court are defendant's third and fourth motions for summary judgment (135, 136).
On August 7, 1992, attorney Max F. Brunswick ("plaintiff"), filed a six-count complaint against defendant alleging the following facts.
Plaintiff was retained by Mary Osborne ("Osborne") in CT Page 1767 connection with an automobile accident involving one of the defendant's insureds. Plaintiff sent letters of protection to various creditors of Osborne, promising payment out of any judgment obtained from defendant. Although defendant was aware of plaintiff's interest as Osborne's attorney, defendant settled the case directly with Osborne, making payment to her. Plaintiff was not given proper notice of the settlement, payment, or withdrawal of the action.
Plaintiff alleges that (1) he has a common law lien on the recovery in the amount of his compensation; (2) defendant tortiously interfered with his contract rights; (3) defendant's actions violated the Connecticut Unfair Trade Practices Act (CUTPA); (4) defendant violated the regulations of the Insurance Commission; (5) defendant violated plaintiff's property rights under 42 U.S.C. § 1983 ( § 1983); and (6) defendant's reckless acts impaired the rights of those given letters of protection by the plaintiff.
On December 4, 1992, the plaintiff, in response to a request to revise, filed an "Amendment to Complaint" which provided that "[t]he allegations of paragraph 14 of the fourth count are deleted." As a result, the amended count four is identical to count two, tortious interference with contract rights. The defendant filed an answer and special defenses on June 9, 1993, to which the plaintiff replied on June 10, 1993. The defendant's special defenses are plaintiff's failure to comply (1) with General Statutes § 52-251c and (2) with the Rules of Professional Conduct 1.5c. Defendant filed a third party complaint against Osborne on October 11, 1994.
Defendant filed its third motion for summary judgment on counts on October 9, 1996.[1] Defendant filed the following documents in support of its motion for summary judgment: (1) plaintiff's responses to the defendant's requests to admit; (2) affidavit of Osborne; (3) deposition of Osborne; (4) affidavit of the plaintiff, dated July 22, 1993; (5) complaint and amendment to complaint; (6) correspondence between Osborne and the defendant; (7) letter from Osborne to the plaintiff; (8) appearance form of Osborne; (9) letter from the plaintiff to the defendant's attorney; and (10) a copy of Silver v. Jacobs,
Superior Court, judicial district of New Haven, Docket No. 340640 (March 16, 1995, Gray, J.). Defendant also filed a supplemental memorandum in support on October 9, 1996. CT Page 1768
Defendant filed a fourth motion for summary judgment on October 25, 1996, on grounds identical to those in the third motion for summary judgment. The memorandum in support of the fourth motion states that defendant's memoranda in support of the third motion for summary judgment are "hereby incorporated."[2]
Defendant moves for summary judgment on several grounds. First, there is no enforceable contract because the plaintiff failed to obtain a written fee agreement as required in § 52-251c and the Rules of Professional Conduct 1.5c. Second, plaintiff has no charging lien on the settlement. Third, there can be no tortious interference with contract because there was no enforceable agreement. Fourth, plaintiff has no standing to plead CUTPA or, alternatively, plaintiff cannot recover under the allegations of the complaint. Finally, plaintiff cannot recover under count four because he has deleted paragraph fourteen, making count four identical to count two.
Plaintiff filed a memorandum in opposition on October 25, 1996.[3] Plaintiff filed the following supporting documents: (1) affidavit of the plaintiff; (2) letters of protection from the plaintiff to Osborne's creditors; (3) letter from Osborne to the plaintiff informing him that she no longer wanted him to represent her; (4) letters from the plaintiff to Osborne; and (5) copies of partial transcript of short calendar, judicial district of New Haven, June 4, 1991.
Plaintiff argues that defendant has no standing to raise the issue of noncompliance with § 52-251c. Further, the plaintiff argues that the defendant acted in bad faith and thus cannot use § 52-251c as a defense. The plaintiff also argues that he has a lien, that an action for interference does not require a binding contract, and that he can bring a valid CUTPA claim.
A motion for summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 384. "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . ." (Internal quotation marks omitted.) Home Ins. Co. v. Aetna Life Casualty Co.,235 Conn. 185, 202.
Under count one, plaintiff cannot recover under a common law lien. A charging lien "is a lien placed upon any money recovery CT Page 1769 or fund due the client at the conclusion of suit." Marsh, Day Calhoun v. Solomon, 204 Conn. 639, 643. By definition, the charging lien is not applicable here. The plaintiff is not placing a lien on the money he recovered for Osborne. Rather, he is attempting to use this lien to reach the money Osborne received from the defendant.
Also, as later discussed, there is no enforceable contract between Osborne and plaintiff and therefore there is no contract for fees to support the charging lien.
Because there is no enforceable contract, plaintiff cannot recover under count two, and count four, tortious interference with a contract. Silver v. Jacobs, 43 Conn. App. 184, cert. denied, 239 Conn. 938. The plaintiff has stated that he sent a retainer agreement to Osborne but admitted that "no contingency fee agreement was returned to the plaintiff in writing." A matter admitted by the party to whom the request is made is conclusively established and is admissible when offered against the party who made the admission. Martins v. Connecticut Light Power Co., 35 Conn. App. 212, 227-28. No genuine issue of material fact exists as to whether the plaintiff obtained a written contingency agreement.
Under General Statutes § 52-251c, a contingent fee agreement for a personal injury suit "shall comply with all applicable provisions of the rules of professional conduct. . . ." General Statutes § 52-251c(a). The use of the word `shall' in the statute indicates that the requirement is mandatory rather than permissive. Statewide Grievance Committee v. Rozbicki,211 Conn. 232, 240. The Connecticut Rules of Professional Conduct state that "[a] contingent fee agreement shall be in writing. . . ." Rules of Prof. Conduct 1.5(c).
It is clear that the failure to obtain a written agreement for a contingent fee arrangement is fatal to a subsequent claim for compensation.
In Silver v. Jacobs, the court stated that "[t]he language of § 52-251c(a) clearly requires that all contingency fee agreements be reduced to writing." (Footnote omitted.) Silverv. Jacobs, supra, 43 Conn. App. 189. The court in Silver v.Jacobs relies on the principle that contracts violative of public policy are unenforceable. The court emphasizes that an unwritten contingent fee agreement violates the public policy protection of CT Page 1770 § 52-251c designed to protect clients from excessive legal fees. Id., 190.
With regard to count three, which alleges a violation of CUTPA, the lack of an enforceable contract precludes the plaintiff from bringing a valid CUTPA claim.
Also a CUTPA claim against an insurance company must satisfy the requirements of the Connecticut Unfair Insurance Practices Act (CUIPA). Lees v. Middlesex Ins. Co., 229 Conn. 842, 851-52.Mead v. Burns, 199 Conn. 651, 666. Plaintiff does not satisfy these requirements.
Plaintiff has failed to allege more than one unfair act. Under Mead v. Burns, "[t]he definition of unacceptable insurer conduct in § 38-61 [now § 38a-815] reflects the legislative determination that isolated instances of unfair insurance settlement practices are not so violative of the public policy of this state as to warrant statutory intervention." (Footnote omitted.) Mead v. Burns, supra, 199 Conn. 666. Here, the plaintiff has alleged only one act: refusing to pay attorneys' fees. As a result, plaintiff cannot recover under CUIPA as a matter of law.
Under count five, plaintiff cannot recover under his § 1983 claim. Plaintiff has no property right for attorney's fee because there is no enforceable contract and there is no state action. "When Congress enacted § 1983 as the statutory remedy for violations of the Constitution, it specified that the conduct at issue must have occurred under color of state law; thus, liability attaches only to those wrongdoers who carry a badge of authority of a State and represent it in some capacity. . . ." (Internal quotation marks omitted.) NCAA v. Tarkanian, 488 U.S. 179,191 (1988). Here, no state action exists which would bring the defendant's acts under § 1983, assuming that the refusal to pay attorneys' fees would constitute a violation of the plaintiff's right to property. The fact that the settlement agreement was part of the judicial process does not transform the private party defendant into a state actor.
Finally, plaintiff cannot recover under count six, which appears to be based on the defendant's reckless and imprudent behavior toward third parties. Plaintiff has no standing to bring the claims of such third parties who received letters of protection from plaintiff. Even if these parties were harmed by CT Page 1771 the fact that Osborne settled with defendant on her own, plaintiff cannot recover for such harms.
Accordingly summary judgment for defendant is granted on all six counts.
Ronald J. Fracasse, Judge