[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO STRIKE DATED FEBRUARY 11, 1998 (139.50)
On December 23, 1997, the plaintiff, Lindy Lee Gold, filed a five count amended substituted complaint against the defendant, American Economy Insurance Company, arising from the plaintiff's efforts to obtain underinsured benefits from the defendant. In the first count the plaintiff seeks underinsured motorist benefits from the defendant for a rear end collision occurring on November 19, 1993. Additionally, the plaintiff claims breach of contract (Count Two), breach of the implied covenant of good faith and fair dealings (Count Three), violation of CUTPA (Count Four), and violation of CUIPA (Count Five).
On February 17, 1998, the defendant filed a motion to strike and a supporting memorandum. The defendant moves to strike count four on the ground that the plaintiff fails to allege sufficient facts to show a "general business practice" of unfair claim settlement practices as required to assert a CUIPA or CUTPA violation. Additionally, defendant moves to strike count five on the ground that CUIPA does not authorize a private cause of action. The plaintiff filed a memorandum in opposition on February 23, 1998.
The function of a motion to strike "is to test the legal sufficiency of a pleading." RK Constructors, Inc. v. Fusco Corp. ,231 Conn. 381, 384, 650 A.2d 153 (1994); Practice Book § 152, now Practice Book (1998 Rev.) § 10-39. A motion to strike "admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Emphasis omitted.) Mingachos v. CBS. Inc.,196 Conn. 91, 108, 491 A.2d 368 (1985). Therefore, when ruling on a motion to strike, the court must construe the facts most favorably to the nonmoving party. Faulkner v. United Technologies Corp. ,240 Conn. 576, 580, 693 A.2d 293 (1997). "This includes the facts necessarily implied and fairly provable under the allegations. . . ." S.M.S. Textile Mills, Inc. v. Brown,Jacobson, Tillinghast, Lahan King, P.C., 32 Conn. App. 786,796, 631 A.2d 340, cert. denied, 228 Conn. 903 (1993). CT Page 7838
The Connecticut Unfair Insurance Practices Act (CUIPA), General Statutes § 38a-815, provides, in part, that "[n]o person shall engage in the state in any trade practice, which is defined in section 38a-816 as, or determined pursuant to sections38a-817 and 38a-818 to be, an unfair method of competition or an unfair or deceptive act or practice in the business of insurance. . . . "
General Statutes § 38a-816 defines unfair methods of competition and unfair and deceptive acts or practices in the business of insurance as misrepresentations and false advertising of insurance policies; false information and advertising generally; defamation; boycott; coercion and intimidation; false financial statements; unfair claim settlement practices; failure to maintain complaint handling procedures; misrepresentation in insurance applications.
The statute further provides that "[t]he commissioner shall have power to examine the affairs of every person engaged in the business of insurance in this state in order to determine whether such person has been or is engaged in any unfair method of competition or in any unfair or deceptive act or practice prohibited by sections 38a-815 to 38a-819, inclusive." General Statutes § 38a-815 Under General Statutes § 38a-817, the insurance commissioner is authorized to institute administrative proceedings against anyone whom he has reason to believe has been engaged or is engaging in any unfair method of competition or in any unfair or deceptive act or practice.
Connecticut's Unfair Trade Practices Act (CUTPA), General Statutes § 42-110b (a), provides that "[n]o person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." General Statutes § 42-110g (a) provides in part that "[a]ny person who suffers any ascertainable loss of money or property . . . as a result of the use or employment of a method, act or practice prohibited by section 42-110b, may bring an action . . . to recover actual damages."
The defendant argues in its memorandum in support of its motion to strike that CUIPA does not provide a private right of action for violation of its provisions. In addition, the defendant argues that the plaintiff's allegations of a CUIPA claim (Count Five) and CUTPA claim (Count Four) in the amended CT Page 7839 substituted complaint should be stricken, because the plaintiff has not alleged facts to support a general business practice, an allegation which is necessary to maintain a CUIPA and/or CUTPA claim. In its memorandum in opposition, the plaintiff argues that the court should follow the lead of numerous Superior Court decisions recognizing a private cause of action under CUIPA.
The Connecticut Supreme Court has expressly reserved decision on whether CUIPA authorizes a private cause of action. Napoletanov. Cigna Healthcare of Connecticut, Inc., 238 Conn. 216, 221 n. 5,680 A.2d 127 (1996), cert. denied, 117 S.Ct. 1101 (198); Lees v.Middlesex Insurance Co., 229 Conn. 842, 847 n. 4, 643 A.2d 1282
(1994); Mead v. Burns, 199 Conn. 651, 657 n. 5, 509 A.2d 11
(1986); Griswold v. Union Labor Life Ins. Co., 186 Conn. 507, 521
n. 12, 442 A.2d 920 (1982).
The judges of the Superior Court are divided on the issue, but the majority do not recognize such a private cause of action because it is not expressly provided for by CUIPA, General Statutes § 38a-815, et. seq., as it is by CUTPA, General Statutes § 42-110g. These judges maintain that a comparison of the language in CUIPA and CUTPA strongly indicates a private cause of action under CUIPA does not exist See, e.g., Delmastrov. Hartford L. Accident Ins., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 336201 (April 8, 1997, Melville, J.), and cases cited therein.
The court in Stabile v. Southern Connecticut HospitalSystems, Inc., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 326120 (October 31, 1996, Levin, J.) (18 CONN. L. RTPR. 157) provides a thorough analysis of CUIPA and the issue of a private right of action. The court in Stabile analyzed whether CUIPA provides for an implied cause of action by applying a modified version of a test found in Cort v. Ash, 422 U.S. 66,78, 95 S.Ct. 2080 (1975). The Stabile court was referring to the application of Cort found in Napoletano v. Cigna Healthcare ofConnecticut, Inc., supra, 238 Conn. 221 n. 5. Stabile v. SouthernConnecticut Hospital Systems. Inc., supra, 18 CONN. L. RPTR. 158. Using this three-tier test, the Stabile court determined that "first, the intent of the legislature was to benefit consumers, second, the statute and legislative history do not reveal a legislative intent to create a private right of action, and third, that it is inconsistent with the underlying purposes of the legislative scheme to imply a private right of action because the legislature has limited enforcement of the statute to the CT Page 7840 insurance commissioner and the requirement of showing a general business practice does not easily lend itself to a private action arising from a single claim." Stabile v. Southern ConnecticutHospital Systems. Inc., supra, 18 CONN. L. RPTR. 160-62.
Nevertheless, several judges of the Superior Court have permitted a plaintiff to maintain a private cause of action, reasoning that a private right of action can be implied under CUIPA. See, e.g., Sygiel v. Clifford, Ban Loos, Ins. Agency, Superior Court, judicial district of New Haven at New Haven, Docket No. 360149 (July 27, 1995, Licari J.) (14 CONN. L. RPTR. 561);Edelman v. Pacific Employers Ins. Co., Superior Court, judicial district of Hartford/New Britain, at Hartford, Docket No. 633463 (October 21, 1994, Hennessey, J.); Agency Rent A Carv. ITT Hartford, Superior Court, judicial district of Hartford, Docket No. 530573 (Sept. 26, 1994, Corradino, J.).
A CUIPA claim based on an alleged unfair settlement practice prohibited by 38a-816 (6) requires that the claimant "allege and prove facts sufficient to show that the insurer was "[c]ommitting or performing [certain specified acts] with such frequency as to indicate a general business practice." Heyman Associates No. 1 v.Insurance Co. of Pennsylvania, 231 Conn. 756, 796, 653 A.2d 122
(1995); see also Lees v. Middlesex Ins. Co., supra,229 Conn. 850; Mead v. Burns, supra, 199 Conn. 666. "In requiring proof that the insurer has engaged in unfair claim settlement practices with such frequency as to indicate a general business practice. the legislature has manifested a clear intention to exempt from coverage under CUIPA isolated instances of insurer misconduct." (Internal quotation marks omitted.) Lees v. Middlesex InsuranceCo., supra, 849; see also Mead v. Burns, supra, 666. Furthermore, proof of an insurer's commission of two or more unfair claim settlement practices in relation to one insurance claim is insufficient to satisfy the "general business practice" requirement of § 38a-816 (6). Lees v. Middlesex InsuranceCo., supra, 848-49. The "alleged improper conduct in the handling of a single insurance claim, without any evidence of misconduct by the defendant in the processing of any other claim, does not rise to the level of a `general business practice' as required by § 38a-816 (6)." Id., 849.
The conclusion that CUIPA does not provide a private cause of action does not leave a plaintiff without a remedy for an injury caused by a violation of CUIPA. A plaintiff may bring a private cause of action under CUTPA for an alleged violation of CUIPA. CT Page 7841Lees v. Middlesex Ins. Co., supra, 229 Conn. 850-51; Mead v.Burns, supra, 199 Conn. 663. A plaintiff, however, may not bring an action under CUTPA unless the alleged unfair insurance practice violates CUIPA. "[A] CUTPA claim based on the public policy embodied in CUIPA must be consistent with the regulatory principles established therein." Lees v. Middlesex Ins. Co.,supra, 849; see also Mead v. Burns, supra, 666.
"[T]he definition of unacceptable insurer conduct in [38a-816(6)] reflects the legislative determination that isolated instances of unfair insurance settlement practices are not so violative of the public policy of this state as to warrant statutory intervention." Lees v. Middlesex Ins. Co., supra, 850-51; Mead v. Burns, supra, 666. Thus, if the violation of CUIPA is an unfair claims settlement practice as enumerated in § 38-816 (6), the plaintiff must prove that the defendant committed the alleged acts "with such frequency as to indicate a general business practice." Lees v. Middlesex Ins. Co., supra, 850-51.
Despite the lack of appellate authority on the issue of whether CUIPA recognizes a private cause of action, both CUIPA and CUTPA require that a claimant allege more than a single transaction in order to raise a violation of the statutes. Counts four and five of the plaintiff's substituted amended complaint fail to allege sufficient facts to show a "general business practice" of unfair claim settlement practices. The basis of plaintiff's claim is hat the defendant unfairly failed to settle only its claim, and its claim alone. The defendant's alleged improper conduct in the handling of a single insurance claim, without any evidence of misconduct by the defendant in the processing of any other claim, does not rise to the level of a "general business practice." Therefore, the defendant's motion to strike counts four and five is granted.
MORAN, J.