[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The plaintiff, Robert L. Rowlands ("the plaintiff") has filed a three-count revised complaint against the defendants, Commodore Commons Condominium Association (the "Association"), Kenneth Moffat, an officer of the Association, and Vermont Mutual Insurance Company ("Vermont Mutual"). In the first count, the plaintiff alleges that the Association and Moffat are negligent in failing to maintain and repair certain common elements of the condominium association to which the plaintiff, as owner of a condominium unit, is a member. In the second and third counts, respectively, the plaintiff alleges that Vermont Mutual has violated the Connecticut Unfair Insurance Practice Act (CUIPA) and the Connecticut Unfair Trade Practice Act (CUTPA) as a result of its failure to properly handle the Association's and its officers' claims as to the damaged common elements. Vermont Mutual has filed a motion to strike the second and third counts of the complaint. The plaintiff has filed an objection to the motion to strike. CT Page 588
Vermont Mutual offers several arguments as to why the second count, based in CUIPA, fails to state a cause of action on which relief may be granted. One of these arguments is that the CUIPA statute does not provide for a private cause of action.
The question of whether CUIPA provides a private cause of action has been the subject of many discussions within the superior court. Though decisions can be found supporting either side, the better reasoned and more persuasive decisions are those that do not allow a private cause of action under CUIPA. SeeStabile v. Southern Connecticut Hospital Systems, Inc., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 326120 (October 31, 1996, Levin, J.). Several previous decisions from this district share the view that CUIPA does not provide a private cause of action. See Allessa v. Allstate Ins. Co., Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 050550 (November 7, 1995, Skolnick, J.); King v.Ehorn, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 044381 (November 17, 1993, Rush, J.).
This court, accordingly, finds that there is no private cause of action under CUIPA and, therefore, grants the motion to strike the second count.
As the private cause of action issue is dispositive, there is no need to address Vermont Mutual's alternate grounds in support of the motion to strike.
Even though there is no private cause of action under CUIPA, the plaintiff, nonetheless, may maintain a CUTPA claim against an insurer who commits practices prohibited in the CUIPA statute. See Mead v. Burns, 199 Conn. 651, 663, 509 A.2d 11 (1986).
Vermont Mutual, however, moves to strike the plaintiff's CUTPA count on the ground that it fails to state a claim upon which relief may be granted. Specifically, Vermont Mutual argues that the third count fails to allege conduct on the part of Vermont Mutual that amounts to either a general business practice or is violative of the so-called "cigarette rule". Vermont Mutual also argues that the plaintiff has not suffered an ascertainable loss and cannot, therefore, bring a CUTPA claim. In opposing the motion to strike the third count, the plaintiff argues that he has alleged several instances of unfair settlement practices by Vermont Mutual and has alleged sufficient facts to meet the requirements of the "cigarette rule." The plaintiff also claims CT Page 589 that he has suffered an ascertainable loss.
Among the plaintiff's allegations in the third count is the alleged failure of Vermont Mutual of "not attempting in good faith to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear." (Revised Complaint, September 17, 1998, Third Count, ¶ 29.) "[A] CUTPA claim based on an alleged unfair settlement practice prohibited by 38a-816(6) [requires] proof, as under CUIPA, that the unfair settlement practice [has] been committed or performed by the defendant with such frequency as to indicate a general business practice." (Internal quotation marks omitted.) Lees v. MiddlesexIns. Co., 229 Conn. 842, 850, 643 A.2d 1282 (1994).
The plaintiff argues that he has sufficiently alleged a general business practice in that the complaint alleges that Vermont Mutual has committed unfair settlement practices in regards to both the Association and the officers and directors of the Association. (Revised Complaint, Third Count, ¶¶ 25-28.) The plaintiff argues that these are separate policies and that Vermont Mutual's failure to settle in good faith on either of these policies is sufficient for an allegation of a general business practice.
Several of our courts, however, have opined that the mishandling of even several policies and different claims by the insurer does not constitute a "general business practice" if the individual claims relate to a single incident. See Casey v.Reliance National Indemnity Co., Superior Court, judicial district of Waterbury, Docket No. 140513 (April 22, 1998, Kulawiz, J.); Gunther v. Maryland Casualty Co., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 310959 (January 25, 1996, Levin, J.); Bergen v. Standard Fire Ins. Co., Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 044099 (February 22, 1995, Thompson, J.).
In the present case, the plaintiff alleges that Vermont Mutual committed unfair trade practices as a result of its failure to seek a settlement on damage claims to the common elements of the Association's condominium. Though the plaintiff alleges that Vermont Mutual mishandled both the claims of the Association and its officers, such an allegation is not a general business practice as it arises from the mishandling of claims from the same incident. The court therefore, grants the motion to strike the third count. CT Page 590
As the general business practice issue is dispositive, the court need not address Vermont Mutual's alternative grounds in support of the motion to strike.
Vermont Mutual's motion to strike the second and third counts of the plaintiff's complaint is granted.
THE COURT
CURRAN, J.