[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] ORDER
The defendants, Robert Kirkwood, Inc. and Robert T. Kirkwood, filed a motion to strike the fifth and ninth counts of the amended complaint of the plaintiff, T-S G Equipment, LLC, on the ground that "they fail to state a cause of action under CUTPA or CUIPA." A CUTPA claim, based on an alleged CUIPA violation, requires proof that "the unfair settlement practice [has] been CT Page 11473 committed or performed by the defendant with such frequency as to indicate a general business practice." (Internal quotation marks omitted.) Lees v. Middlesex Insurance Co., 229 Conn. 842, 850,643 A.2d 1282 (1994).
Here, the plaintiff alleges, in counts five and nine, that the defendants violated CUTPA and CUIPA "in that [they have] misrepresented the conditions or terms of an insurance policy." The plaintiffs allegations do not amount to allegations of conduct occurring "with such frequency as to indicate a general business practice." Rather, the plaintiff has alleged only one incident when the defendants allegedly breached their agreement and did not provide insurance coverage to the plaintiff. Therefore, the fifth and ninth counts of the plaintiffs amended complaint are legally insufficient, and the defendants' motion to strike those counts is hereby granted.
Furthermore, the defendant, Kirkwood individually, moves to strike the seventh count "because an agent for a known principal may not be held liable for breach of contract." However, "[t]he existence of agency is a question of fact to be determined by the trier of fact." Gateway v. DiNoia, 232 Conn. 223, 239,654 A.2d 342 (1995). Accordingly, the defendant's motion to strike the seventh count is denied.
D'ANDREA, J.