[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant, Cambridge Mutual Fire Insurance Company, moves to strike the second and third counts of the revised complaint of the plaintiff's, John and Eileen Stanley.
The first count of that complaint alleges that the plaintiff's and the defendant entered into a homeowner's insurance contract, that certain damage occurred on the plaintiffs' property which was covered by the insurance policy, and that the defendant refuses to honor the agreement and pay for the loss. The second count reiterates these allegations and further states that the refusal to pay when responsibility to do so is apparent under the policy constitutes a violation of the Connecticut Unfair Insurance Practices Act (CUIPA). The third count incorporates these allegations into a violation of the Connecticut Unfair Trade CT Page 12838 Practices Act (CUTPA).
A motion to strike "admits all the facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings," (Mingachos v CBS Inc., 196 Conn. 91, 108 (1985).
 I
The defendant contends that the second count, purporting to plead a CUIPA violation, fails to state a legally cognizable claim because CUIPA does not establish a private cause of action and because no pattern of insurer misbehavior is alleged. The court agrees on both grounds.
CUIPA is found in General Statutes §§ 38a-815 et seq. The Act enumerates a compendium of insurer practices which fall within its ambit. The Act also provides mechanisms for the insurance commissioner to rectify such practices. No authority for private suit is expressed in CUIPA, unlike other regulatory legislation, Baroni v. Western ReserveLife Assurance Co., Superior Court, Middlesex J.D., d.n. CV 99-87965 (September 29, 1999), Gordon, J.
Additionally, the second count alleges that the defendant engaged in unfair settlement activity solely by way of nonpayment of the plaintiffs' claim. Isolated instances of insurer misconduct are exempt from coverage under CUIPA, Lees v. Middlesex Ins. Co., 229 Conn. 842, 849 (1994).
For these reasons, the second count of the revised complaint must be stricken.
 II
As to the CUTPA violation claim set forth in the third count, our Supreme Court has also held that the "definition of unacceptable insurer conduct in [CUIPA] reflects the legislative determination that isolated instances of unfair insurance settlement practices are not so violative of the public policy of this state as to warrant statutory intervention,"Mead v. Burns, 199 Conn. 651, 666 (1986). This definition extends to CUTPA as well as CUIPA, Id. Consequently, the CUTPA count must also be stricken.
The motion to strike the second and third counts of the revised complaint is granted.
Sferrazza, J.