[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE #104, OBJECTION #108
Before the court is the defendant's motion to strike the second and third counts of the plaintiff's revised complaint. The plaintiff, Nestor CT Page 2533 Fernandez, brings a three-count complaint against the defendant, Allstate Indemnity Company, for coverage under the uninsured motorist provision of his insurance contract. The first count for breach of contract is not at issue. The defendant filed a motion to strike the second and third counts of the revised complaint, which allege causes of action for bad faith and a violation of the Connecticut Unfair Trade Practices Act, General Statutes § 42-110b et seq., (CUTPA) based on a violation of the Connecticut Unfair Insurance Practices Act, General Statutes § 38a-816
et seq.(CUIPA).
Claims for bad faith, or a breach of the covenant of good faith and fair dealing present in every insurance contract, are properly joined with a cause of action based on the insurance company's failure to pay an uninsured motorist claim. Walker v. Allstate Indemnity Company, Superior Court Judicial district of Fairfield at Bridgeport, Docket No. 357641 (May 16, 2000, Skolnick J.); Palmer v. Allstate Indemnity Company, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 365117 (January 27, 2000, Skolnick, J.). Accordingly, the defendant's motion to strike the second count of the plaintiff's revised complaint is denied.
A cause of action based on CUTPA grounded in a violation of CUIPA must allege a general business practice in order to be legally sufficient and survive a motion to strike. Lees v. Middlesex Insurance Company,229 Conn. 842. 849 643 A.2d 1282 (1994); Walker v. Allstate IndemnityCompany, supra, Superior Court, Docket No. 357641 (Skolnick, J.). In his revised complaint, the plaintiff has failed to allege a general business practice. Accordingly, the defendant's motion to strike the third count of the plaintiffs revised complaint is granted.
Based on the foregoing, the defendant's motion to strike the plaintiff's revised complaint is denied as to count two and granted as to count three.
SKOLNICK, J.