[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE OF EACH DEFENDANT
INTRODUCTION
The defendant Sedgwick of New England, Inc. ("Sedgwick") has moved to strike counts seven and eight of the amended complaint dated January 26, 2001, and the defendant Executive Risk Specialty Insurance Company ("Executive Risk") has moved to strike counts nine and ten of that complaint. Both motions are addressed in, and decided by, this memorandum of decision.
DISCUSSION
CT Page 8531
Counts Seven and Nine
Counts seven and nine purport to assert claims against, respectively, Sedgwick and Executive Risk for violations of General Statutes §38a-815 et seq. (all further section references are to the General Statutes), generally known as the Connecticut Unfair Insurance Practices Act ("CUIPA"). CUIPA is a statutory scheme which prohibits certain acts in the business of insurance and authorizes monitoring by the insurance commissioner of the insurance business in order to enforce that prohibition. CUIPA specifically authorizes the insurance commissioner to investigate whether any such acts have been committed, to conduct hearings in regard to whether any such acts have been committed, to issue cease and desist orders regarding any such acts, to impose penalties, suspend and revoke licenses and order restitution in regard to any such acts and to seek enforcement, in the superior court, of certain orders issued in regard to such acts. CUIPA does not authorize a private action to redress the commission of any such acts. Because counts seven and nine purport to assert private actions under CUIPA, the motions to strike are granted as to those counts.
Counts Eight and Ten
Counts eight and ten purport to assert claims against, respectively, Sedgwick and Executive Risk for violations of § 42-110a, et seq., generally known as the Connecticut Unfair Trade Practices Act ("CUTPA"). CUTPA prohibits "unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." Section 42-1
lob (a).
Case law has established that one of the standards for the determination of whether a particular act in the business of insurance constitutes an unfair or deceptive act is whether that act violates CUIPA. Mead v. Burns, 199 Conn. 651, 509 A.2d 11 (1986). That is, if an act violates CUIPA, without more, it violates CUTPA.
Pursuant to § 38a-816 (1)(a), misrepresenting the terms of an insurance policy is a violation of CUIPA. Paragraph 45 of count eight alleges that Sedgwick misrepresented to HealthRight the terms of an insurance policy ("policy"), issued by Executive Risk, which Sedgwick later sold to HealthRight. Under case law, it is not necessary to prove a pattern of behavior in order to establish a violation of § 38a-816 (1) (a). Everson v. Preferred Mutual Ins. Co., Superior Court, judicial district of New Haven at New Haven, Docket No. 391494 (December 31, 1997, O'Keefe, J.). Therefore, the simple allegation that Sedgwick misrepresented the terms of an insurance policy is sufficient to make out CT Page 8532 a CUIPA violation. Case law also establishes that a plaintiff can establish a violation of CUTPA by proof of a single violation of CUIPA.Lees v. Middlesex Ins. Co., 229 Conn. 842, 850-51, 643 A.2d 1282 (1994). Accordingly, the lone allegation that Sedgwick misrepresented an insurance policy is a sufficient statement of a CUTPA violation to defeat a motion to strike.
Paragraph 45 of count ten alleges that Executive Risk also misrepresented the terms of the policy. Applying to count ten the analysis applied to count eight, that allegation is also a sufficient statement of a CUTPA violation to defeat a motion to strike.
CONCLUSION
Sedgwick's motion to strike is granted as to count seven and denied as to count eight.
Executive Risk's motion to strike is granted as to count nine and denied as to count ten.
G. Levine, J.