[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION MOTION TO STRIKE (#102) MOTION TO STRIKE (#116)
 I FACTS AND PROCEDURAL HISTORY
On December 14, 2002, the plaintiff, Maria Almada, filed a ten count complaint against the defendants, Wausau Business Insurance Company (Wausau) and Sedgwick Claims Management Services Incorporated (Sedgwick), alleging personal injuries. On February 8, 2002, Wausau filed a motion to strike counts two, four and five of the plaintiff's complaint for failing to state claims upon which relief may be granted. Count two of the plaintiffs complaint alleges intentional infliction of emotional distress. Count four alleges a violation of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110b. Lastly, count five alleges a violation of the Connecticut Unfair Insurance Practices Act (CUIPA), General Statutes § 38a-816 (6).
Thereafter, on May 23, 2002, Sedgwick filed a motion to strike (#109) counts seven, nine and ten of the plaintiffs complaint by adopting and endorsing the grounds set forth in Wausau's motion to strike (#102) and memorandum in support thereof.[1] On June 12, 2002, the plaintiff filed a memorandum in opposition (#112) to Sedgwick's motion to strike by adopting and endorsing the grounds set forth in her memorandum in opposition and in her reply memorandum. On July 23, 2002, the Court,Potter, J., denied Sedgwick's motion to strike (#109) for failure to file a memorandum of law. Thereafter, on August 8, 2002, Sedgwick filed its present motion to strike (#116) and supporting memorandum (#116.50). Sedgwick moves to strike counts seven, nine and ten of the plaintiffs complaint by adopting and endorsing the grounds set forth in Wausau's motion to strike (#102) and memorandum in support thereof. For the purpose of this decision, the defendants' motions to strike and the plaintiffs motions in opposition thereto are addressed and determined CT Page 11322 herein.
 II
Wausau moves to strike counts two, four and five on the ground that, in each of these counts, the plaintiff fails to allege facts which state a claim upon which relief can be granted. Likewise, Sedgwick moves to strike counts seven, nine and ten by adopting and endorsing the same ground as Wausau. In opposition, the plaintiff argues that counts two, four, five, seven, nine and ten allege facts that, when taken as true, adequately state claims upon which relief may be granted. The court will address the legal sufficiency of the allegations in these counts.
 A Intentional Infliction of Emotional Distress Claim
Wausau moves to strike the plaintiffs second count and Sedgwick moves to strike the plaintiffs seventh count, as both counts allege intentional infliction of emotional distress claims. Wausau argues that count two and Sedgwick argues that count seven fail to plead facts upon which relief can be granted because the plaintiff has improperly pled legal conclusions as facts. Wausau argues that the allegations in count two and Sedgwick argues that allegations in count seven are assertions of errors and mistakes made by them in the handling of the plaintiffs workers' compensation benefits and that such conduct is not extreme or outrageous. As such, the defendants maintain that the allegations, as pled in counts two and seven, do not state claims for intentional infliction of emotional distress and, therefore, should be stricken as a matter of law. In response, the plaintiff argues that she has alleged facts sufficient to state claims for intentional infliction of emotional distress in counts two and seven.
"The tort of intentional infliction of emotional distress does not require that the tortfeasor breach any duty to the claimant; rather, it is the tortfeasor's intentional conduct that is the basis for the claim." (Internal quotation marks omitted.) Carameta v. Allstate Insurance Co., Superior Court, judicial district of Milford, Docket No. 069943 (January 8, 2001, Grogins, J.); see also Peytan v. Ellis, 200 Conn. 243, 253,510 A.2d 1337 (1986). "To maintain a cause of action for intentional infliction of emotional distress, the complaint must contain facts from which the court can conclude that: (1) that the actor intended to inflict emotional distress, or that he knew or should have known that emotional distress was likely to occur from his conduct; (2) that the actor's conduct was extreme and outrageous; (3) that his conduct was the cause of CT Page 11323 the plaintiffs distress; and (4) that the plaintiffs emotional distress was severe." Carameta v. Allstate Insurance Co., supra, Superior Court, Docket No. 069943, citing Ancona v. Manafort Bros., Inc.,56 Conn. App. 701, 712, 746 A.2d 184 (2000). "Liability for intentional infliction of emotional distress requires conduct exceeding all bounds usually tolerated by decent society, of a nature which is especially calculated to cause, and does cause, mental distress of a very serious kind." (Internal quotation marks omitted.) DeLaurentis v. New Haven,220 Conn. 225, 267, 597 A.2d 807 (1991). "Whether the defendant's conduct and the plaintiffs resulting distress are sufficient to satisfy . . . these elements is a question, in the first instance, for [the] court." (Internal quotation marks I omitted.) Ancona v. Manafort Bros., Inc., supra, 56 Conn. App. 712. Allegations that an insurer purposely withheld payment on a claim for more than a year is legally sufficient as a pleading of outrageous conduct and, thus, able to withstand a motion to strike. . . ." Carameta v. Allstate Insurance Co., supra, Superior Court, Docket No. 069943; see also, Palmer v. Allstate Indemnity Co., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 365117 (January 27, 2000, Skolnick, J.) (25 Conn.L.Rptr. 344) (same).
In counts two and seven the plaintiff alleges, individually, that the defendants knew that she was entitled to workers' compensation benefits and cost of living adjustments, but intentionally refused to make such payments and adjustments. In addition, the plaintiff alleges that during the twenty-two year period that the defendants wilfully and intentionally withheld adjustments in her workers' compensation benefits, the defendants' employees reviewed her I file and contacted investigators to determine whether they could cease payments, while failing at the same time to see that she was compensated to the extent that she was entitled. As a result of the defendants' intentional conduct, the plaintiff suffered severe emotional distress and loss of financial stability and independence. In summary, the plaintiff maintains that these allegations plead not only extreme and outrageous conduct by the defendants, but also show that the defendants had knowledge of the emotionally and financially devastating effects their non-payment of cost of living adjustments over the twenty-two year period had on the plaintiff. The court must accept all well pleaded allegations on a motion to strike. Accordingly, the court finds the plaintiffs allegations, when taken as true, as they must be on a motion to strike, are sufficient to satisfy all four elements required for a claim of intentional infliction of emotional distress and, thus, counts two and seven sufficiently state claims upon which relief may be granted.
 B
CT Page 11324 CUTPA Claim
Wausau moves to strike the plaintiffs fourth count and Sedgwick moves to strike the plaintiffs ninth count, as both counts allege CUTPA claims. The defendants move on the ground that the plaintiff fails to allege facts sufficient to establish a general business practice and, as such, she cannot establish a violation under CUTPA. Additionally, the defendants contend that the plaintiffs allegations are entitled to no weight as her CUTPA claims concern the improper handling of her workers' compensation benefits. In response, the plaintiff argues that counts four and nine sufficiently state CUTPA claims, as these counts allege that the defendants' conduct was committed with such frequency as to indicate a general business practice. The plaintiff argues that a violation of CUIPA provides a basis for a CUTPA claim.
"CUTPA provides that no person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." See Golliff v. Allstate Life Insurance Co., Superior Court, judicial district of New London at New London, Docket No. 559316 (July 8, 2002, Hurley, J.T.R.), citing General Statutes §42-110b (a). "It is possible to state a cause of action under CUTPA for a violation of CUIPA." (Internal quotation marks omitted.) Mead v. Burns,199 Conn. 651, 663, 509 A.2d 11 (1986). "[A] CUTPA claim based on an alleged unfair settlement practice prohibited by [General Statutes §]38a-816 (6) [requires] proof, as under CUIPA, that the unfair settlement practice had been committed or performed by the defendant with such frequency as to indicate a general business practice." (Internal quotation marks omitted.) Lees v. Middlesex Ins. Co., 229 Conn. 842, 847
n. 4, 643 A.2d 1282 (1994).
Counts four and nine do not allege violations of CUTPA based on violations of CUIPA. In addition, the plaintiff does not allege in counts four or nine that the acts committed by the defendants amounted to a `general business practice.' Specifically, counts four and nine concern the defendants conduct with regard to the handling of only the plaintiffs insurance claim. "In requiring proof that the insurer has engaged in unfair settlement practices with such frequency as to indicate a general business practice, the legislature has manifested a clear intent to exempt from coverage under CUIPA isolated instances of insurer misconduct. . . . [T]he . . . alleged improper conduct in the handling of a single insurance claim, without any [allegations] of misconduct by the defendant in the processing of any other claim, does not give rise to the level of a general business practice as required by § 38a-816 (6). (Citation omitted; internal quotation marks omitted.) Lees v. MiddlesexInsurance Co., supra, 229 Conn. 849. CT Page 11325
This court finds that the facts as alleged in counts four and nine are "insufficient to satisfy the requirement under CUIPA that the defendant's alleged unfair claim settlement practices constituted a `general business practice.' As such, the plaintiffs CUTPA claim cannot survive the failure of her CUIPA claim. See Lees v. Middlesex Insurance Co., supra,229 Conn. 851. Accordingly, the plaintiffs fourth and ninth counts are stricken as a matter of law.
 C CUIPA Claim
Wausau moves to strike count five and Sedgwick moves to strike count ten of the plaintiffs complaint, as both counts allege a private cause of action under CUIPA, which relief is not recognized by the Connecticut appellate courts. In addition, the defendants argue that the majority of Connecticut Superior Court judges have held that a private cause of action does not exist. Furthermore, the defendants maintain that if this court finds that CUIPA does authorize a private cause of action, the plaintiffs CUIPA claims should still fail as a matter of law because the plaintiff failed to properly allege the elements of an action for unfair claims settlement practices under CUIPA.
In response, the plaintiff argues that this Court should follow the "well-reasoned" Superior Court decisions holding that a private cause of action does exist under CUIPA. Additionally, the plaintiff claims that judicial recognition of a private cause of action will not hinder existing remedies and other means of enforcement, but will aid in proscribing conduct in violation of CUIPA. Further, the plaintiff states that by recognizing a cause of action under CUIPA, private plaintiffs are able to aid in ensuring that violations of CUIPA are addressed consistently, rather than relying on the insurance commissioner alone to enforce the statute. Moreover, the plaintiff maintains that she has properly alleged sufficient facts to establish that the acts committed by the defendants were done with such frequency as to be deemed a general business practice.
The issue of whether CUIPA authorizes a private cause of action has not been determined by either the Connecticut Supreme or Appellate Courts. See Liquore v. Assurance Co. of America, Superior Court, judicial district of New London at Norwich, Docket No. 124151 (March 19, 2002,McLachlan, J.), citing Napoletano v. CIGNA Healthcare of Connecticut,Inc., 238 Conn. 216, 221 n. 5, 680 A.2d 127 (1996); Lees v. MiddlesexIns. Co., supra, 229 Conn. 847 n. 4; Mead v. Burns, supra, 199 Conn. 657
CT Page 11326 n. 5. Amongst the Superior Court judges there exists a division of opinion on this issue. See, e.g. Cortese v. Mutual of Omaha InsuranceCo., Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 183587 (May 1, 2002, Lewis, J.T.R.); see also Perrelli v.Strathmore Farms, Superior Court, judicial district of New Haven, Docket No. 428988 (March 2, 2000, Levin, J.); Berman v. Prudential InsuranceCo. of North America, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 103651 (July 15, 1993, Lewis,J.). It is this Court's opinion that the statutory scheme appears to establish a construct for enforcement of these provisions solely by the Commissioner of Insurance. Accordingly, this court agrees with the Superior Court decisions holding that no private right of action exists under CUIPA. Counts five and ten of the plaintiffs complaint seeking a private right of action under CUIPA are stricken as a matter of law.
 III CONCLUSION
For the foregoing reasons, the defendants' motions to strike are denied as to counts two and seven and granted as to counts four, five, nine and ten.
 ___________________ Francis J. Foley, III Judge of the Superior Court