[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RESPONSE TO REOUEST FOR FURTHER ARTICULATION
After hearing argument, this court granted defendant's motion to strike counts three and four of plaintiff's complaint. Plaintiff now seeks written articulation.
Counts three and four purported to set forth claims under CUTPA and CUIPA as follows:
COUNT THREE (As to Covenant Insurance Company)
1. The Defendant, Covenant Insurance Company has been at all times hereinafter mentioned, a corporation duly licensed to transact insurance business in this state, and to issue the insurance policy hereinafter referred to.
2. At some time prior to September 30, 2000, in consideration of the premium specified in the insurance policy, the Defendant, Covenant Insurance Company, issued to Shawn R. Mullen, a policy of insurance, insuring him and his 1989 Honda against loss arising from legal liability of damages because of bodily injuries arising out of the ownership, maintenance or use of the automobile described in the policy.
3.-11. Paragraphs 1 through 10 of Count one are hereby incorporated by reference as paragraphs 3 through 12 of Count Three as if more fully set forth herein.
13. The Plaintiff by her agent and/or her representative has attempted to negotiate a settlement of the Plaintiff's claims numerous times.
14. The Defendant, Covenant Insurance Company, has ignored the Plaintiff's agent and/or representative's efforts and/or refused to effectuate a prompt, fair and equitable settlement of the Plaintiff's claims. CT Page 2723
15. The methods employed by the Defendant, Covenant Insurance Company, its agents, servants, and/or employees, in handling of claims were unethical, unscrupulous, immoral and either prohibited by statute or manifestly unfair in violation of Sections 38a-815, 38a-816, and/or Sections 38a-817 and 38a-818 of the Connecticut General Statutes, and amounted to unfair methods or deceptive acts or practices in the business of insurance and that:
a. The Defendant, its agents, servants and/or employees as a general business practice, did not attempt in good faith to effectuate prompt, fair, equitable settlement of claims in which liability has been reasonable clear;
b. The Defendant failed to adopt and implement reasonable standards, policies and procedures for the prompt, fair and equitable settlement of claims arising under its insurance policies;
c. The Defendant, its agents, servants and/or employees as a general business practice failed to respond to claimant's settlement communications; and
d. The Defendant, its agents, servants and/or employees as a general business practice failed to promptly attempt to resolve claims.
In ruling upon a motion to strike, the court ". . . must take as true the facts alleged in the plaintiff's complaint and must construe the complaint in the manner most favorable to sustaining its legal sufficiency." Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269,270, 709 A.2d 558, 559 (1998). (Citations omitted.) The motion ". . . admits all facts well-pleaded; it does not admit legal conclusions or thetruth or accuracy of opinions stated in the pleadings." Mingachos v.CBS, Inc., 196 Conn. 91, 108, 491 A.2d 368, 379 (1985) (citations omitted; emphasis in original). A motion to strike is properly granted where the allegations of the pleading, if proven, would not establish a claim upon which relief can be granted. See id. at 109, 491 A.2d at 379.
COUNT FOUR (As to Covenant Insurance Company)
1.-14. Paragraphs 1 through 14 of Count Three are hereby incorporated by reference as paragraphs 1 through 14 of Count Four as if more fully set forth herein.
15. The methods employed by the Defendant, Covenant Insurance Company, its agents, servants and/or employees in handling the claim, were unethical, unscrupulous, immoral and either prohibited by statute or CT Page 2724 manifestly unfair, in violation of Sections 42-110 et seq. and 38a-815,38a-816 and/or 38a-817 and 38a-818 of the Connecticut General Statutes, and amounted to unfair or deceptive acts or practices in the trade or business of insurance in that:
a. The Defendant, its agents, servants and/or employees as a general business practice, did not attempt in good faith to effectuate prompt, fair, equitable settlement of claims in which liability has been reasonable clear, including the Plaintiff's;
b. The Defendant failed to adopt and implement reasonable standards, policies and procedures for the prompt, fair and equitable settlement of claims arising under its insurance policies, including the Plaintiff's;
c. The Defendant, its agents, servants and/or employees as a general business practice failed to respond to claimant's settlement communications, including the Plaintiff's; and
d. The Defendant, its agents, servants and/or employees as a general business practice failed to promptly attempt to resolve claims, including the Plaintiff's.
As noted at argument, this court is in accord with those cases holding that there is no private cause of action under CUIPA. See, e.g., Conwayv. Travelers Casualty, Superior Court, judicial district of New Haven at New Haven, Docket No. 588119 (Dec. 15, 2000); Perrelli v. StrathmoreFarms, Superior Court, judicial district of New Haven at New Haven, Docket No. 428988 (March 2, 2000, Levin, J.); Baroni v. Western ReserveLife Assurance Co., Superior Court, judicial district of Middlesex at Middletown, Docket No. 087965 (September 29, 1999, Gordon, J.); Garberv. Nationwide Ins. Co., Superior Court, judicial district of New Britain, Docket No. 488913 (Mar. 25, 1999, Robinson, J.); Colon v. GeicoCasualty Company, Superior Court, judicial district of New Haven at New Haven, Docket No. 419197 (July 28, 1999, Moran, J.); Rowlands v.Commodore Commons Condominium Assn., Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 063281 (January 13, 1999, Curran, J.); Gold v. American Economy Insurance, Superior Court, judicial district of New Haven at New Haven, Docket No. 380475 (June 23, 1998, Moran, J.) (22 Conn.L.Rptr. 349); Stabile v. Southern ConnecticutHospital Systems, Superior Court, judicial district of Fairfield, Docket No. 326120 (Oct. 31, 1996, Levin, J.) (18 Conn.L.Rptr. 157); Gonzalez v.Lewis Services, Inc. Superior Court, judicial district of New Haven at Meriden, Docket No. 245151 CT Page 6879 (March 31, 1995, Silbert, J.).
"[T]here is no express authority under CUIPA for a private cause of CT Page 2725 action . . . CUIPA is not ambiguous; by its express terms, CUIPA is a regulatory act, authorizing the insurance commissioner to investigate alleged unfair insurance practices. Even if the provisions of CUIPA are ambiguous as to a private right of action, the existence of such a right should not be recognized. This is because CUIPA authorizes the imposition of criminal penalties for the commission of conduct it proscribes . . . [and] ambiguity in penal statutes requires a construction limiting rather than expanding civil liability." (Citations omitted; internal quotation marks omitted.) Garber v. Nationwide Ins. Co., supra, Superior Court, Docket No. 488913. In addition, "[a] person who feels that he or she has been harmed by a CUIPA violation is not without remedy, but that remedy needs to be pursued as a CUTPA [claim]." (Internal quotation marks omitted.)
Baroni v. Western Reserve Life Assurance Co., supra, Superior Court, Docket No. 087965.
In order to succeed in a CUTPA claim based on a violation of CUIPA, plaintiff must allege that ". . . unfair claim settlement practices were committed or performed `with such frequency as to indicate a general business practice.'" Lees v. Middlesex Ins. Co. 229 Conn. 842, 848,643 A.2d 1282 (1994) (citation omitted). As in Lees, ". . . the gravamen of the plaintiff's claim is that the defendant unfairly failed to settle [plaintiff's] claim, and [plaintiff's] claim alone." Lees, id. Merely alleging that defendant failed to settle "claims," without any specifics, in an attempt to establish a general business practice, is insufficient as a matter of law.
For the foregoing reasons, defendant's motion to strike was granted at oral argument.
Dunnell, J. CT Page 2726