[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE COUNTS FIVE AND SIX
In this action seeking to recover damages under insurance policies for employee embezzlement, defendants, American Casualty Co. and Continental Casualty Co. move to strike the Fifth and Sixth Counts directed to them, alleging violations of CUTPA (General Statutes § 42-110a et seq.) and CUIPA (General Statutes § 38-A-816 (6) respectively.
These defendants claim that these counts fail to allege sufficient facts to support the CUTPA and CUIPA claims, and that in addition, this state does not recognize a private course of action under CUIPA. In Leesv. Middlesex Ins. Co., 229 Conn. 842, 847 (1994) our Supreme Court indicated that in a CUIPA or CUTPA claim proof was required that the misconduct complained of occurred with such frequency as to constitute a general business practice.
 I
The CUTPA claim in the Fifth Count alleges that "upon information and belief" the defendants unreasonably delayed payment of the claim, had a trade practice of failing to act within a reasonable promptness in processing claims, launching elaborate investigations and failing to effectuate prompt settlements.
No specific facts are alleged to support the claim of a trade practice or a general business practice. The actions alleged, that defendant failed to act with reasonable promptness and the other claims, are simply different versions of the claim that defendant failed to make prompt payment of the insurance claim.
These allegations, taken together describe alleged misconduct within the handling of a single claim and thus do not rise to the level of a general business practice. Lees v. Middlesex Ins. Co., 229 Conn. 842, 847
CT Page 3257 (1994); Almada v. Wausau Business Insurance Co., 2002 WL 3125615
(Conn.Super., Foley J., Sept 3, 2002).
Similarly, conclusory allegations about an alleged business or trade practice, without some supporting facts, are insufficient in our view to support a CUTPA or a CUIPA count based on one alleged failure to pay an insurance claim.
 II
In addition, this court has consistently held that no private right of action exists under CUIPA, at least where the misconduct alleged does not qualify as a general business practice. Neal v. Johnson MemorialHospital, Superior Court, Judicial District of Hartford, CV 02-0820968 (February 28, 2003, Wagner, J.); Travelers Property Casualty Co.v. Troyer, Superior Court, Judicial District of Hartford, CV 98-0580328 (March 20, 2000, Wagner, J) (26 Conn.L.Rptr. 696).
Motion to strike Fifth and Sixth Counts granted.
Wagner, JTR CT Page 3258